## POLAND v. EARHART.

1. **Damages**: PROXIMATE CAUSE: SALE OF REVOLVER TO MINOR. Defendant, in violation of the statute, sold a revolver to plaintiff's minor son, fifteen years old, wherewith he by accident shot himself through the hand. Plaintiff sues for loss of his services and for the expense he incurred in nursing him. *Held* that, in the absence of a showing that

there was something in the minor's disposition or want of experience, from which defendant might reasonably have anticipated that such an accident would happen, plaintiff could not recover.

*Appeal from Wapello Circuit Court.*

SATURDAY, DECEMBER 11.

ACTION for the recovery of damages. Plaintiff alleges in her petition that defendant sold a revolver to her minor son, who, while afterwards handling said weapon, accidently discharged the same, and the ball therefrom passed through his hand, breaking some of the bones thereof, and disabling him for a long time from doing any labor; and she seeks to recover the value of his services during the time he was disabled; also the expense of nursing and caring for him during the same time. Defendant demurred to the petition on the ground that the damages sought to be recovered are not the proximate consequence of the wrongful act complained of. The circuit court sustained the demurrer, and dismissed plaintiff's petition, and from that order she appeals.

*A. C. Steck*, for appellant.

*D. C. Beaman*, for appellee.

REED, J.—Defendant's act of selling the revolver to plaintiff's minor son was a misdemeanor, which, by the provisions of chapter 78 of the Acts of the Twentieth General Assembly, is punishable by fine or imprisonment. One who has been injured by the unlawful or criminal act of another may maintain an action for the recovery of the damages sustained by him in consequence of the injury. *Messenger v. Pate*, 42 Iowa, 443. In such cases the wrong doer is held liable, not only for such injuries as are the immediate and natural consequences of his misconduct, but for all such consequential injuries as might reasonably have been anticipated as the probable result of the wrongful act. 1 Suth. Dam., 23; *McDonald v. Snelling*, 14 Allen, 290 (296).

The injuries of which plaintiff complains, and for which she demands relief, are the loss of the services of her son during the time he was disabled, and the cost and expense incurred by her in nursing and caring for him.   The immediate cause of these injuries was not the sale of the weapon by defendant, but the accident which subsequently occurred while the boy was handling it, whereby he was wounded.   If plaintiff has a cause of action, then, for the injuries, it must be founded on the fact that the accident by which her son was wounded might reasonably have been anticipated by the defendant as a consequence of the sale of the weapon to him.   But there are no allegations in the petition showing that such injury ought to have been anticipated as a consequence of the act.   Plaintiff's son was fifteen years old at the time of the transaction.   It is not alleged that he was ignorant of the character of the weapon sold him, or that he was inexperienced in the use of such weapons; neither is it shown that there was anything in his character or disposition that rendered it dangerous to place a weapon of that kind in his hands.   It cannot be said that defendant might reasonably have anticipated that an accident would occur from the handling of the weapon from the fact alone that the person to whom he sold it was a minor.

We think the demurrer to the petition was properly sustained.

AFFIRMED.