Poe, a Minor, *v.* The Canton-Mansfield Dry Goods Co.

**396**

(Decided October 17, 1929.)

*Mr. Frank N. Sweitzer,* for plaintiff in error.
*Messrs. Lynch, Day, Fimple, Pontius & Lynch,*
for defendant in error.

LEMERT, J. This case is before this court in an error proceeding, for consideration of the ruling of the common pleas court on demurrer to the petition, raising the question whether the petition states facts sufficient to constitute a cause of action.

The effect of the demurrer is to deny the legal sufficiency of the petition, and raise issues of law upon the facts stated therein. The demurrer admits not only what is expressly alleged, but also whatever can be implied as fair and reasonable intendment from the allegations made.

The petition in this case is as follows:

"1. Comes now the plaintiff and for his cause of action and petition, says:

"2. Plaintiff, Edgar A. Poe, is eight years of age, a minor, the son of Henry P. Poe, and without guardian save his natural guardian, his said father. Being under such legal disability, he brings this action by his next friend, Henry P. Poe, his said father.

"3. Defendant is a corporation, duly organized and existing with a place of business, the Canton Dry Goods Co., 'everybody's store,' located in said county at 234-238 Tuscarawas street, East, Canton, Ohio.

"4. One George Abel, hereinafter further referred to, is a minor of the age of thirteen years. His brother, one Robert Abel, hereinafter referred to, is a minor of the age of five years.

"5. On or about December 22, 1928, defendant through its servants, employees and agents, in violation of statute and law, at said store sold to said George Abel a certain air gun and form of explosive gun known as Daisy, same being made and manufactured of metallic and hard substance, which gun said George Abel loaded with shots; and while same was in said condition, he caused and permitted it to become and be in the possession and hands of said Robert Abel.

"6. On or about the 26th day of December, 1928, while said loaded gun was in his possession and hands said Robert Abel pointed same at said Edgar A. Poe and discharged same, shooting therefrom a shot which entered the right eye and right eye ball of said Edgar A. Poe, lacerating, injuring and totally and permanently destroying said eye and eye ball so that the immediate removal of said eye ball was required.

"7. By reason of the premises plaintiff, Edgar A. Poe, has suffered and sustained great and irreparable permanent injury, loss and damage in the amount of and to the extent of thirty-five thousand dollars ($35,000.00).

"8. The said George Abel and the said Robert Abel at all times herein referred to were without experience in handling, possessing, caring for, using, guarding, safe-keeping and disposing of guns and weapons of all kinds and descriptions, and especially guns of the nature and form herein described; and they at all times herein referred to were without prudence, knowledge and judgment to handle, possess, care for, use, guard, safe keep and dispose of guns and weapons, of all kinds and descriptions, and especially guns of the nature and form herein described.

"9. Said sale of said gun was unlawful, in violation of statute, constituted negligence on the part of defendant, and directly and proximately caused said injuries, loss and damage to plaintiff.

"10. Wherefore plaintiff prays j u d g m e n t against defendant for thirty-five thousand dollars, his damages so as aforesaid suffered and sustained, and for his costs."

The statutes upon which this action is founded involve Sections 12966 and 12967, General Code. Section 12966 provides that: "Whoever sells or exhibits for sale, to a minor under sixteen years of age, a pistol manufactured of a metallic or hard substance, commonly known as a 'toy pistol' or air gun, or any form of explosive gun, shall be fined not less than ten dollars nor more than fifty dollars or imprisoned not less than ten days nor more than twenty days, or both, and be liable in damages to any person injured by such sale."

Voluminous and exhaustive briefs have been filed in this cause, and the matter was also presented at

length in oral argument, but without taking the time and space to quote at great length from the exceedingly exhaustive briefs, and not finding it necessary to discuss all of the authorities mentioned therein, suffice it to say that the principal contentions made by the defendant herein are the following:

1. That the sections hereinbefore referred to were not passed for the benefit of the plaintiff; that is, the plaintiff is not within the class for whose benefit these statutes were enacted.

2. The averments pertaining to the negligence of the defendant, that is, the violation of the statutes in question by defendant, do not connect in law the negligence of defendant with plaintiff's consequent injuries.

3. By reason of circumstances appearing in the petition, there have intervened between the wrongful cause and the injurious consequences acts of others and other agents, and there is remoteness between the cause and consequent injuries, whereby the petition does not aver the negligence of the defendant to be the proximate cause of plaintiff's injuries.

It is observed that both the plaintiff and defendant rely on *Hartnett* v. *Boston Store of Chicago,* an Illinois case, 265 Ill., 331, 106 N. E., 837, L. R. A., 1915C, 460; *Mouse* v. *Central Savings & Trust Co.,* 120 Ohio St., 599, 167 N. E., 868, an Ohio Supreme Court case, and also upon *Schell* v. *Du Bois, Admr.,* 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710; *Harriman* v. *Railway Co.,* 45 Ohio St., 11, 12 N. E., 451, 4 Am. St. Rep., 507; *L. S. & M. S. Ry. Co.* v. *Lüdtke,* 69 Ohio St., 384, 69 N. E., 653; *Hilsinger* v.

*Trickett,* 86 Ohio St., 286, 99 N. E., 305, Ann. Cas., 1913D, 421; and *Binford* v. *Johnston,* 82 Ind., 426, 42 Am. Rep., 508; and a number of other cases, including *Linch* v. *Nurdin,* 12 B., 29, have been cited and considered. In some of these cases we find that the negligence alleged and complained of and considered consists of a violation of a statute, and in others consists of a breach of common-law duty. And in some of the cases above cited the negligence considered consists of both violation of statutes and a breach of common-law duty. We find, however, that the cases of *Harriman* v. *Railway, Mouse* v. *Trust Company, Linch* v. *Nurdin,* and *Binford* v. *Johnston* are particularly enlightening on the subject of intervening acts, agents, and remoteness.

The case of *Schell* v. *Du Bois, Admr.,* 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, holds:

"The violation of a statute passed for the protection of the public is negligence *per se,* and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable."

We think our own Supreme Court disposed of the question whether plaintiff is within the class intended to be benefited by the statutes by making the answer thereto depend upon the conclusion to be reached by the court as to whether the petition avers the negligence of the defendant to be the proximate cause of the consequent injuries to plaintiff.

Before discussing the question of proximate cause, the court will consider defendant's claim that the alleged negligence of defendant is not connected

in law with the consequent injuries to plaintiff, and that therefore the petition avers a condition by which the alleged injury is made possible only.

In support of this claim we find that the petitions in the *Hartnett case, supra,* and in *Poland* v. *Earhart,* 70 Iowa, 285, 30 N. W., 637, the former an Illinois case and the latter an Iowa case, allege violation of a statute, but contain no averment as to the inexperience or imprudence of the minor, such as appears in paragraph eight of the petition here under consideration, for the lack of which alone the demurrer filed in the Illinois and Iowa cases was sustained and the petition held to aver a condition by which the alleged injury was made possible only. Since the petition in the instant case, paragraph eight, contains such averment, and thus is not wanting in this particular case, even though the allegation is essential in Ohio, this court is not called upon in this case to decide whether by reason of *Schell* v. *DuBois* such an averment is essential to a petition in an Ohio court.

It is well to note in passing that in viewing and studying the foregoing cases herein referred to there is disclosed a wide distinction, that might warrant the sustaining of a demurrer in a case which arises from the breach of a common-law duty as distinguished from one arising from the breach of a statutory duty, such as we have in the instant case.

It is apparent from the cases decided by the Supreme Court of Ohio and courts of last resort of other states hereinbefore mentioned, as well as from recognized decisions generally, that the law is well settled to the effect that mere circumstances that might have intervened between the wrongful cause

and the injurious consequences, acts produced by the violation of human beings, particularly where they are the acts of children of tender years, inexperienced, and imprudent, do not necessarily make the result so remote that an action cannot be maintained against the original wrongdoer.

The test seems to be found, not in the number of intervening events, or acts, or agents, but in their character and in the natural and probable connection between the wrong done and the injurious consequences. Nor is such averment necessarily imperative to the maintaining of such an action as the one at bar, in view of the fact and in light of the information contained in the petition, wherein it is alleged that the sale of the air gun was made in violation of a statute on or about December 22, 1928, to an inexperienced, imprudent, thirteen year old George Abel. From this statement it can reasonably be deduced and anticipated that the natural and probable consequences of such sale would ensue and follow, and in the light of the well-settled law a court cannot say that the conclusions reasonably to be reached from the averments and allegations of the petition, and their fair and reasonable intendment pertaining to the proximate cause, are certain and not clothed in doubt; nor that they do not admit of different and varied reasonable opinions.

It is obvious that mixed questions of law and fact must enter into the consideration.

The petition in the instant case avers a variety of circumstances in relation to cause and effect, raising questions of facts which admit of doubt and controversy, which are uncertain and indefinite, and which are subject to reasonable doubt and conducive to the

drawing of different and varied opinions and conclusions.

We believe it to be the conceded law of this state and of other jurisdictions that the mere fact that the intervention of a responsible human being can be traced between the defendant's wrongful act and the injury complained of will not absolve defendant. On the contrary, the general rule seems to be that whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary course of events, although such consequences are immediately and directly brought about by an intervening cause, if such intervening cause was set in motion by the original wrongdoer or was in reality only a condition by or through which the negligent act operated to produce the injurious results.

Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequences, and if they are such as might with reasonable diligence have been foreseen, the last result, as well as the first, and each intermediate result, are to be considered in law as a proximate result of the first wrongful cause.

The question further is: Was there any unbroken connection between the wrongful act and the injury? Did the facts constitute a succession of events, or link together so as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?

The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.

So that, if we are right in the foregoing conclu-

sions, it necessarily follows that upon such mixed questions of law and fact entering into consideration it is right and proper for these questions to be submitted to a jury under proper instructions from the court. It follows that the demurrer in this case should have been overruled. The judgment of the court of common pleas is therefore reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

Houck and Sherick, JJ., concur.