**Carol MARSHALL, Appellant,**

v.

**UNUM LIFE INSURANCE COMPANY, Appellee.**

**No. 93–1017.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1993.

Decided Jan. 3, 1994.

Jeffrey R. Hannig, Moorhead, MN, argued, for appellant.

G. Steven Rowe, Portland, ME, argued (John Harper, III, Minneapolis, MN, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

WOLLMAN, Circuit Judge.

Carol Marshall appeals from the district court's [1] grant of summary judgment in favor of UNUM Life Insurance Company (UNUM)

---

1. The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

in an action to recover benefits under a long-term disability plan governed by the Employee Retirement Income Security Act (ERISA). *See* 29 U.S.C. § 1132(a)(1)(B). We affirm.

## I.

On March 13, 1989, Marshall began working as a legal assistant at Bucklin Trial Lawyers, P.C. She participated in an employee welfare benefit plan that provided long-term disability insurance benefits to employees through a group insurance policy with UNUM. Under the plan, which UNUM also administered, Marshall became eligible to receive benefits on September 9, 1989, after 180 days of active employment. The plan provided for a ninety-day elimination period, a period of consecutive days of disability for which no benefits are payable. For pre-existing conditions, however, the plan provided for a modified elimination period:

Benefits for disabilities due to pre-existing conditions will be payable on the later date of:

1. The end of the elimination period; or

2. The earlier of:

a. a period of 12 consecutive months starting on or after the insured's effective date of coverage, during which the insured has not received medical treatment, consultation, care or services including diagnostic measures, or taken prescribed drugs or medicines; or

b. 24 months after the insured's effective date of insurance.

The plan defined a pre-existing condition as "any sickness or injury for which the insured received medical treatment, consultation, care or services including diagnostic measures or took prescribed drugs or medicines within 6 months prior to the insured's effective date of insurance."

On June 16, 1989, within six months prior to Marshall's effective date of insurance, she sought treatment for chronic fatigue. Approximately one year later, on June 22, 1990, Marshall ceased working for health reasons. She then applied for disability benefits, claiming Epstein–Barr virus (chronic fatigue

syndrome) as a disability. UNUM determined that Marshall was disabled, but that she was subject to the plan's modified elimination period because her disability was due to a pre-existing condition. Thus, UNUM denied her benefits for the period from September 21, 1990 to September 9, 1991. On September 9, 1991, at the end of the modified elimination period (twenty-four months after Marshall's effective date of insurance), UNUM began making disability payments to Marshall.

Marshall initiated this action to recover benefits for the modified elimination period. The parties filed a stipulation of facts and numerous exhibits with the district court and submitted the case on cross motions for summary judgment. After the district court granted UNUM's motion, Marshall filed this appeal.

## II.

■ Summary judgment is appropriate if the record, when viewed in the light most favorable to the nonmoving party, shows no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Sperry v. Bauermeister, Inc.,* 4 F.3d 596, 597 (8th Cir.1993). We review the district court's grant of summary judgment de novo. *Richmond v. Board of Regents of Univ. of Minn.,* 957 F.2d 595, 597 (8th Cir.1992). If Marshall's disability is due to a pre-existing condition, then she is not entitled to benefits for the modified elimination period. Marshall does not dispute that she had a pre-existing condition as defined by the plan. Thus, the issue that we must decide is whether the evidence presented to the district court creates a genuine factual issue whether her disability was due to that pre-existing condition.

On June 16, 1989, during the six months prior to the effective date of Marshall's insurance, Dr. Doug L. Moen treated her for fatigue and myalgias (muscle pain). Marshall admits that the condition for which she sought treatment on June 16, 1989, is a pre-existing condition as defined by the plan. About one year later, when she applied for disability benefits, Marshall identified fatigue

and myalgias as symptoms of her disabling illness. Thus, Marshall experienced and sought treatment for the symptoms of her disabling illness during the six months prior to the effective date of her insurance.

Marshall's medical records, the accuracy of which she does not dispute, document that from June 16, 1989, when she first saw Dr. Moen for fatigue and myalgias, until June 22, 1990, when she ceased working, she continued to experience symptoms of her disabling illness. For example, in October 1989, she was "excessively fatigued again.... [and did] not feel like getting any work done." At the end of October, she questioned the strength of her medication because she felt so tired and run down at the end of the day. In December, she reported body and joint aches, and one of her physicians found that "[s]he appear[ed] very low and ha[d] no energy with a lot of malaise." In February 1990, Dr. Moen reported that Marshall was "still complaining vehemently of her muscle weakness, myalgias and just not feeling well." She thought there was something wrong that the doctors had been unable to discover. Dr. Moen noted in a referral letter that Marshall "has had a lot of complaints of arthralgias [joint pain] and myalgias." In June 1990, just before she was diagnosed as suffering from chronic fatigue syndrome, "[s]he [felt] very blah and fatigued. She ha[d] been fatigued for three weeks, although she ha[d] been known to have [had] fatigue before."

Other documents in the record also demonstrate that the onset of Marshall's disabling condition was not sudden. She stated on her disability application that she had been treated for the same or similar conditions in September 1985. In the attending physician's statement accompanying Marshall's application, Dr. Godela R. Iverson listed fatigue and myalgias as symptoms, and she indicated that Marshall had been experiencing the same or similar conditions since 1981. In a letter to Marshall's attorney, Dr. Iverson indicated that Marshall had been experiencing for a number of years some of the symptoms that resulted in her inability to work.

■ The only evidence in the record that supports Marshall's contention that her disability is not linked to her pre-existing condi-

tion is a letter in which Dr. Moen states that in June 1989 Marshall did not meet the diagnostic criteria for chronic fatigue syndrome. In light of Marshall's concession that a diagnosis during the pre-existing condition period is not required, however, we find this letter does not create a genuine issue of material fact. To defeat UNUM's summary judgment motion, Marshall had to set forth specific facts showing that there was a genuine issue whether her disability was due to her pre-existing condition. *Green v. St. Louis Hous. Auth.*, 911 F.2d 65, 68–69 (8th Cir.1990). Marshall failed to make this showing, choosing instead to rely on a bare allegation that her disability was not due to her pre-existing condition. "Allegations do not rise to an issue as to a material fact." *Burris v. First Fin. Corp.*, 928 F.2d 797, 805–06 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 195, 116 L.Ed.2d 155 (1991). Accordingly, we find there is no genuine factual issue whether Marshall's pre-existing condition is linked to her disabling condition.

Marshall contends that the district court erred in granting UNUM's summary judgment motion because the record does not contain an expert medical opinion specifically linking Marshall's disabling condition to her pre-existing condition. Marshall has cited no authority to support her contention. In *Kirk v. Provident Life & Accident Insurance Co.*, 942 F.2d 504, 506 (8th Cir.1991), as Marshall points out, we relied on expert medical testimony to determine whether an infected heart valve was a pre-existing condition. We did not hold, however, that expert medical testimony is required to link a pre-existing condition to a disabling illness. Simply because expert testimony may be used to prove a particular issue does not mean that expert testimony must be used.

■ We recognize, however, that a case may arise in which an expert medical opinion is necessary to link a pre-existing condition and a disabling illness. This case is not such a case, however. In addition to other documents, the district court considered medical records documenting Marshall's physical condition during all relevant times. Marshall's medical records clearly establish that during the pre-existing condition period she sought

treatment for symptoms of her disabling condition, fatigue and myalgias, and that those symptoms persisted, eventually becoming severe enough to render Marshall unable to work. Although the severity of Marshall's symptoms may have varied during the period from June 16, 1989, until June 22, 1990, and her physicians may have had difficulty identifying her condition, we need not diagnose her illness nor determine its etiology. We need only decide whether her disabling condition is linked to her pre-existing condition. Given the undisputed evidence before the district court establishing a year-long pattern of repeated complaints of fatigue and myalgias, we believe that expert medical opinion was not necessary to establish a link between the condition or conditions manifested by these symptoms. *See Brewer v. Lincoln Nat'l Life Ins. Co.,* 921 F.2d 150, 154 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2872, 115 L.Ed.2d 1038 (1991) (recognizing that the cause of a disease requires expert opinion but that laypersons understand symptoms).

Marshall argues that the modified elimination period is an exclusionary clause and that UNUM has the burden of proving its applicability. Having rejected Marshall's argument that expert medical opinion was required to link Marshall's disabling condition and pre-existing condition, we need not decide whether UNUM had the burden of proving the applicability of the modified elimination period clause or whether Marshall had the burden of proving that the clause was not applicable. Even if UNUM had the burden of proving the applicability of the clause, Marshall was still required to present evidence that created a genuine issue of material fact to defeat UNUM's summary judgment motion. *Firemen's Fund Ins. Co. v. Thien,* 8 F.3d 1307, 1310 (8th Cir.1993). We have already determined that Marshall made no such showing, for the record before the district court presented no genuine factual issue whether her pre-existing condition and disability were linked. Accordingly, regardless of upon whom the burden of proving the applicability (or nonapplicability) of the clause at trial lay, the district court properly granted UNUM's motion.

The judgment of the district court is affirmed.