# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 96-2205

————————

Dr. William C. Gremmels;    *
Sandra K. Gremmels,    *
   *
        Appellants,    *
   *
      v.    *
   *
Tandy Corporation, a Texas    *
Corporation, doing business    *
as Radio Shack of Iowa,    *
   * Appeal from the United States
        Appellee.    * District Court for the
   * Southern District of Iowa
Wallace Leisure Products, a    *
Pennsylvania Corporation;    *
Armet S.N.C. Di Ferronato    *
Giovanni & Company,a foreign    *
corporation,    *
   *
        Defendants.    *

————————

Submitted:  December 11, 1996

Filed:  July 10, 1997

————————

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

————————

McMILLIAN, Circuit Judge.

William C. Gremmels and his wife Sandra K. Gremmels (together "appellants") appeal from a final order entered in the United States District Court[1] for the Southern District of Iowa granting summary judgment in favor of defendant Tandy Corporation (Tandy) and dismissing their complaint against Tandy. Gremmels v. Tandy Corp., No. 3:93-CV-30121, slip op. at 15 (S.D. Iowa 1995). For reversal, appellants argue the district court misapplied the Iowa negligence law of premises liability. For the reasons discussed below, we affirm the judgment of the district court.

## BACKGROUND

The following facts are undisputed and are based upon a stipulation of facts filed by the parties in the district court. On September 20, 1991, William Gremmels was shopping in Tandy's Radio Shack store in Muscatine, Iowa. He fell and injured himself when a chair provided to him by a Radio Shack salesperson collapsed as he was watching a computer demonstration. On prior occasions the backrest panel and one of the casters on the leg of the chair had become loose or fallen off and had to be repaired by store employees. Neither the backrest panel nor the caster on the chair leg was loose on the day of the accident. A metallurgy expert hired by appellants testified that the chair collapsed because of a defectively manufactured weld junction at the base of the

[1]The Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa. This case was tried by a magistrate judge pursuant to the consent of the parties under 28 U.S.C. § 636(c).

chair, and that it would have been impossible for the store employees to determine that the weld was defective prior to the time that the weld failed. Appellants' expert hypothesized that the repair of the loose caster could have exacerbated the weld defect. Appellants sued Tandy for negligence on the theory of premises liability. Appellants also sued the manufacturer and the distributor of the chair alleging both negligence and

strict liability theories against each. Additionally, Sandra Gremmels asserted a claim for loss of spousal consortium.

The distributor filed a motion for summary judgment on September 17, 1993. The district court denied the motion on October 27, 1993. Both Tandy and the distributor filed cross-claims against the manufacturer of the chair. A default judgment was entered on July 26, 1995, against the manufacturer and in favor of Tandy on its cross-claim. On August 8, 1995, the distributor renewed its motion for summary judgment. On September 1, 1995, Tandy filed a motion for summary judgment seeking dismissal of appellants' claims. On November 9, 1995, the district court granted both Tandy's and the distributor's motions for summary judgment. The district court expressly rejected appellants' theory that the repair of the caster could have exacerbated the weld defect. Id. at 15, (stating that the basis for the expert's hypothesis is purely speculative). The district court further reasoned that Tandy had no knowledge, nor was there a reasonable possibility that Tandy would have discovered the weld defect that caused the accident. Id. Therefore, the district court held that there was no genuine issue of material fact remaining for trial with respect to appellants' claims against the distributor and Tandy and granted summary judgment in favor of Tandy and the distributor. Id. Appellants filed a motion to amend the judgment on November 17, 1995. On April 1, 1996, the district court denied appellants' motion to amend the judgment and ordered the claims against the manufacturer dismissed unless requests for default judgment were entered before April 15, 1996. Default judgment was

entered on April 15, 1996, against the manufacturer and in favor of appellants.  The cross-claims of Tandy and the distributor against the manufacturer were dismissed without prejudice after summary judgment was granted for both Tandy and the distributor. <u>Id.</u> at 18.  Appellants now appeal the grant of summary judgment in favor of Tandy.

## DISCUSSION

We review the district court's grant of summary judgment de novo. Marshall v. UNUM Life Ins. Co., 13 F.3d 282, 283 (8th Cir. 1994) (citing Richmond v. Board of Regents, 957 F.2d 595, 597 (8th Cir. 1992)). "Summary judgment is appropriate if the record, when viewed in [the] light most favorable to the non-moving party, shows no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." Id. When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial" and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (Matsushita) (citations omitted). The moving party has the burden of asserting that there is a lack of a proof concerning an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The non-moving party then has the burden of proving "specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586-87. Upon motion for summary judgment, the district court's function is neither to weigh the evidence nor make credibility determinations, but to determine if there is a genuine issue for trial. Grossman v. Dillard Dep't Stores, Inc., 47 F.3d 969, 971 (8th Cir. 1995).

Appellants concede that the defective weld caused the accident and that Tandy could not have known of or discovered the defective weld before the accident. However, appellants argue that the "dangerous condition" from which Tandy had a duty to protect their customers

-6-

was the condition of the entire chair rather than the defective weld on the chair. Appellants further argue that the store employees had constructive knowledge of the problems with the caster and the backrest of the chair and the risk of possible injury posed by the chair. Under appellants' theory of liability, the store employees had a duty either to warn William Gremmels of the dangerous conditions of the backrest and the caster, or to provide him with a different chair. In either case, appellants argue that William Gremmels would not have sat in the defective chair.

The elements of a negligence claim under Iowa law are: the existence of a duty to conform to a standard of conduct to protect others; failure to conform to that standard; proximate cause; and damages.  Hartig v. Francois, 562 N.W.2d 427, 429 (Iowa 1997) (citing Marcus v. Young, 538 N.W.2d 285, 288 (Iowa 1995), and W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 30 (5th ed. 1984)).  "Whether a duty arises out of the parties' relationship is always a matter of law for the court."  Shaw v. Soo Line R.R., 463 N.W.2d 51, 53 (Iowa 1990) (citations omitted).  "Under Iowa premises liability law, the scope of the duty of care that a possessor of land owes to an entrant is based on the entrant's legal status as either a trespasser, licensee, or invitee."  Wieseler v. Sisters of Mercy Health Corp., 540 N.W.2d 445, 449 (Iowa 1995) (citations omitted). William Gremmels was a business invitee to the Radio Shack store.  The Iowa Supreme Court has approved and adopted § 343 of the Restatement (Second) of Torts (1965) (the Restatement), which sets forth the standard for determining whether a duty is owed to a business invitee. See Hanson v. Town & Country Shopping Ctr., Inc., 144 N.W.2d 870, 873 (Iowa 1966).  The Restatement § 343 states, in relevant part:

> A possessor of land is subject to liability for physical harm caused to his [or her] invitees by a condition on the land if, but only if, he [or she]
>
> (a)  knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b)    should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c)    fails to exercise reasonable care to protect them against the danger.

The business owner is not subject to liability on a claim of negligence if the owner and its agents did not know, or could not have known, by exercise of reasonable care, of the condition that caused the harm.  Id.  In the present case, the harm was the injury sustained as a result of collapse of the chair.  However, the condition that in fact caused the harm was the defective weld, and that the store employees did not know of, and could not have discovered by exercise of reasonable care, the defective weld.  Therefore, we hold that the district court correctly granted summary judgment in favor of Tandy because, as a matter of law, Tandy did not owe a duty to William Gremmels to protect him from the danger presented by the defective weld.

Appellants also argue that the store employees were negligent in failing to warn William Gremmels about the prior problems with the chair's backrest and caster. Assuming for the purposes of argument that the store employees should have warned William Gremmels about the backrest and the caster, it is undisputed that the backrest and the caster did not cause the collapse of the chair.  Causation "has two components: (1) the defendant's conduct must have in fact caused the plaintiff's damages (generally a factual inquiry) [causation in fact] and (2) the policy of the law must require the defendant to be legally responsible for the injury (generally a legal question) [proximate or legal causation]."  Scoggins v. Wal-Mart Stores, Inc., 560 N.W.2d 564, 567 (Iowa 1997)(Scoggins)(citing Gerst v. Marshall, 549 N.W.2d 810, 815-16 (Iowa 1996)).  Proximate or legal cause involves a policy decision as to whether the defendant should be held legally responsible for the

consequences that the defendant's actions have "in fact" caused.  Id.  "[A]n actor's conduct is a proximate or legal cause of harm to another if the conduct is a 'substantial factor' in producing the harm . . . ." Waitek v. Dalkon Shield Claimants Trust, 908 F. Supp. 672, 683 (N.D. Iowa 1995) (citing Kelly v. Sinclair Oil Corp., 476 N.W.2d 341, 349 (Iowa 1991)).  "[I]n determining whether conduct meets the substantial factor test, we look to the 'proximity and foreseeability of the harm flowing from the actor's conduct, although it is not necessary that the actual consequences of a defendant's negligence should have been foreseen.'"  Scoggins, 560 N.W.2d at 567 (citations omitted).

At the time of the accident, neither the backrest nor the caster was loose or disconnected from the chair. Appellants do not dispute that the backrest and the casters were functioning properly at the time of the accident. The defective weld caused the chair to collapse. Thus, the condition of the backrest and the caster was neither the cause in fact nor the proximate cause of William Gremmels's injuries. We therefore hold the district court did not err in granting summary judgment in favor of Tandy because, as a matter of law, the condition of the backrest and the caster did not cause the accident.

## CONCLUSION

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.