[EDITORS' NOTE: THE PUBLICATION STATUS OF THIS OPINION HAS NOT BEEN DETERMINED. THE PRECEDENTIAL VALUE OF CASES WHICH ARE NOT YET PUBLISHED IS GOVERNED BY IOWA CT. R. 6.14 (5).]
Anthony Colby, M.D. and Medical Associates, P.L.C. appeal from the district court's ruling granting a new trial following the jury's verdict in their favor on the plaintiffs' medical malpractice claim. They contend the district court abused its discretion in granting the motion. They also contend the court erred in excluding certain evidence from trial and in failing to instruct the jury on the comparative fault theory. The plaintiffs, Nicole Lara and Tonya Leik, cross-appeal, contending the court should only have granted new trial on the issue of damages, or in the alternative, should have granted judgment not withstanding the verdict. Because there is sufficient evidence to support the jury's conclusion Dr. Colby's decisions were not the proximate cause of the plaintiffs' damage, we reverse the district court's order granting new trial.
I. Background Facts and Proceedings. Karen Swantz began receiving treatment from Dr. Anthony Colby in March of 1990. In June of 1993 he gave her a complete physical examination at her request. For the four years after, Swantz received periodic treatment from Dr. Colby regarding specific complaints. Swantz did not receive care from Dr. Colby again until 1999. She received treatment from him for dizziness and hypertension, dysuria, low back pain, sinus problems, earaches, and sinus problems, etc. Her last visit to Dr. Colby was on December 20, 2002. It is undisputed that Dr. Colby never advised Swantz regarding colorectal cancer screening.
Karen Swantz was diagnosed with colon cancer in May of 2004. By the time she was symptomatic, her cancer had metastasized and was ultimately terminal. This suit was brought on behalf of her estate by its executor, Tonya Leik, against Swantz's personal physician, Dr. Anthony Colby, and his employer, Medical Associates, P.L.C. It alleged Dr. Colby committed medical malpractice in failing to perform proper evaluation and testing for colon cancer.
Trial was held in July 2006. The jury's verdict found the defendants negligent, but that their negligence was not a proximate cause of the plaintiffs' damage. Judgment was entered July 25, 2006. The same day, the plaintiffs filed a motion for new trial and judgment notwithstanding the verdict. On November 17, 2006, the court granted the motion for new trial. The defendants appeal.
II. New Trial. The defendants contend the district court abused its discretion in granting the plaintiffs' motion for new trial. They argue the jury's finding that the defendants' negligence was not a proximate cause of the plaintiffs' damage is supported by substantial evidence.
We review the actions of the district court for corrections of errors at law. Iowa R. App. P. 6.4. The standard of our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion. Clinton PhysicalTherapy Servs., P.C. v. John Deere Health Care, Inc.,714 N.W.2d 603, 609 (Iowa 2006). If a motion for new trial is based on a discretionary ground, we review the ruling for abuse of discretion. Hansen v. Central Iowa Hosp. Corp.,686 N.W.2d 476, 480 (Iowa 2004). To show an abuse of discretion, the moving party must show the court exercised its discretion on grounds clearly untenable or to an extent clearly unreasonable.Lehigh Clay Prods., Ltd. v. Iowa Dep't of Transp.,512 N.W.2d 541, 543 (Iowa 1994).
The district court may grant a new trial under Iowa Rule of Civil Procedure 1.1004(6) when "the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law." A new trial may be ordered if a jury verdict is not supported by sufficient evidence and fails to effectuate substantial justice.Olson v. Sumpter, 728 N.W.2d 844, 850 (Iowa 2007). Evidence is substantial if reasonable minds could find the evidence presented adequate to reach the same findings.Midwest Home Distrib., Inc. v. Domco Indus., Inc.,585 N.W.2d 735, 738 (Iowa 1998). The reason for granting a new trial must fairly appear in the record. Bredberg v. Pepsico,Inc., 551 N.W.2d 321, 326 (Iowa 1996). We view the evidence in the light most favorable to the jury's verdict. Lara v.Thomas, 512 N.W.2d 777, 781 (Iowa 1994).
We are slower to interfere with a district court's grant of a new trial than with its denial. Lehigh,512 N.W.2d at 543. However, such ruling must be founded upon sound judicial discretion and granted for reasons which fairly appear in the record. Lubin v. Iowa City, 257 Iowa 383, 385,131 N.W.2d 765, 767 (1965). The court has no right to set aside a verdict just because it might have reached a different conclusion. Id.
 In jury trials controverted issues of fact are for the jury to decide. That is what juries are for. To hold that a judge should set aside a verdict just because he would have reached a different conclusion would substitute judges for juries. It would relegate juries to unimportant window dressing. That we cannot do.
Lantz v. Cook, 256 Iowa 409, 413, 127 N.W.2d 675, 677
(1964).
The jury found Dr. Colby breached his duty to Swantz when he failed to advise her of the necessity of obtaining colorectal cancer screening once she reached the age of fifty. However, they found this failure was not the proximate cause of Swantz's death. The trial court found "the jury was confused regarding the meaning of the term `proximate cause'" and "the verdict is not sustained by sufficient evidence."
There are two components to the proximate-cause inquiry: "(1) the defendant's conduct must have in fact caused the damages; and (2) the policy of the law must require the defendant to be legally responsible for them." Id.; see also Gerst v.Marshall, 549 N.W.2d 810, 815 (Iowa 1996). With respect to the first component, a plaintiff must at a minimum prove that the damages would not have occurred but for the defendant's negligence. City of Cedar Falls,617 N.W.2d at 17; Gerst, 549 N.W.2d at 817.
The but-for test is not the end of the inquiry, however. A plaintiff must also tender proof that defendants' negligence was a substantial factor in bringing about the injury.City of Cedar Falls, 617 N.W.2d at 17; Scoggins v.Wal-Mart Stores, Inc., 560 N.W.2d 564, 567 (Iowa 1997).See generally Restatement (Second) of Torts § 431 cmt. a (1965) (distinguishing between "substantial cause" and cause "in the so-called philosophic sense, which includes every one of the great number of events without which any happening would not have occurred.") This aspect of the proximate-cause inquiry focuses on the "proximity and foreseeability of the harm flowing from the actor's conduct." City of Cedar Falls,617 N.W.2d at 17.
The line between "what is sufficiently proximate and what is too remote is often a thin one." Hollingsworth v.Schminkey, 553 N.W.2d 591, 597 (Iowa 1996). Our supreme court has stated:
 An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable and such an act is either the remote cause, or no cause whatever, of the injury.
Scoggins, 560 N.W.2d at 568-69 (quoting Fly v.Cannon, 836 S.W.2d 570, 574 (Tenn.Ct.App. 1992) (emphasis added)).
In its ruling, the court found:
 The issue is not whether the cancer would have occurred but for the defendant's negligence, but whether her death would have occurred but for the defendant's negligence. All of the witnesses were in agreement that there was at least an 80 percent chance of finding the problem had she been advised to have the colon cancer screening during the time the Dr. Colby had treated her. The evidence is also clear that had the problem been detected prior to the time that Dr. Colby stopped treating her, the cancer would have been either preventable or curable. The failure to detect either the cancer or the precursors made her death foreseeable.
Because the evidence on this issue was conflicting, the court erred in granting the motion for new trial.
The plaintiffs' expert testified that the pre-cancerous polyp in her colon would have originated anywhere from 1991 to 1996, and would have remained pre-cancerous until approximately the spring of 2001. He further opined that her cancer would have been curable from the spring of 2001 until approximately the spring of 2003. The cancer would have metastasized anywhere from the spring of 2003 until the spring of 2004.
The defendants' expert testified colorectal cancer, even when detected early, was still lethal, with the death rate for such cancer at about fifty percent. He further stated that although averages could be applied to determine when Swantz's polyp and subsequent cancer occurred, the exact times could not be determined due to random mutations that occur in individual patients. Finally, he testified that colonoscopy screen was not proven to reduce colorectal cancer deaths as there were no studies to support this claim. Colonoscopies do not always detect polyps, with a "miss rate" between three and fifteen percent, depending on the person administering the test.
When viewed in the light most favorable to the defendants, there is sufficient evidence to sustain the jury's verdict. Although there was conflicting evidence, the credibility of witnesses is peculiarly the responsibility of the fact finder to assess. See Top of Iowa Coop. v. Sime Farms, Inc.,608 N.W.2d 454, 468 (Iowa 2000). The proximate cause issue was the proper subject of expert testimony and ultimately was for the jury's assessment. See Cowan v. Flannery,461 N.W.2d 155, 157 (Iowa 1990) (stating jury should ordinarily be allowed to decide disputed fact questions). Accordingly, the district court erred in granting the plaintiffs' motion for new trial.
We reverse the district court's order granting new trial. As such, the remainder of the issues on appeal need not be reached.
REVERSED.
Sackett, C.J., dissents.