J. E. REIZENSTEIN v. EZEKIEL CLARK AND EARL CLARK, Appellants.

104    287
138    562

**Joint Assault:** EXEMPLARY DAMAGES. In a joint malicious assault, if one of the participants was actuated by malice, each will be liable for damages, both actual and exemplary, resulting from the assault.

EVIDENCE. Plaintiff in an action for wanton, malicious assault committed by two persons, need not show that either defendant expressly directed the other to make the assault or that they struck him at the same moment of time, or that one struck him after the other.

SAME. Evidence that plaintiff, in an action for malicious assault, had been assaulted at another time, before the assault in question is inadmissible in the absence of any contention that any of the disorders from which the plaintiff claims to be suffering were due to the prior assaults.

EXEMPLARY DAMAGES: *Instructions.* An instruction in an action for assault that the jury may award exemplary damages if they find the assault was malicious, and that the amount thereof rested solely in the discretion of the jury, is proper, although the verdict might be reversed as excessive.

PLEADING AND PROOF. Under Code 1873, section 2729, which provides that a party shall not be compelled to prove more than is necessary to entitle him to the relief asked, it is only necessary, in an action for assault, to prove that it was unlawful, although the petition alleged that it was wanton and malicious.

REQUESTING INSTRUCTIONS. In an action for malicious assault, failure, in an instruction, to define "malice," or to state that the burden of, proving it is on plaintiff, is not error, where no such instruction was asked by defendant.

Evidence: HARMLESS ERROR: In an action for damages resulting from an assault, the exclusion, on cross-examination of plaintiff, of evidence that plaintiff was suffering from the injury complained of before the alleged assault, is harmless error, where such facts are subsequently testified to by other witnesses.

Witness: IMPEACHMENT. Plaintiff, in an action for malicious assault, who testified on his cross-examin·tion that on the trial of a criminal case against defendant, growing out of the assault, he had not refused to answer a question of defendant's attorney as to whether he was ruptured at the time of the alleged assault, but that an objection to the question was sustained, and that he does not remember all the questions that were asked on the criminal trial, cannot be impeached by reading the answers made by him on such trial.

Appeal: OBJECTION BELOW. An objection by defendants in an action for malicious assault, that they were not, from the allegation of the petition, bound to anticipate a claim by plaintiff that he had been injured in a certain manner, cannot be first taken on appeal.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION at law for an alleged wanton and malicious assault. Defendants denied the alleged assault, and pleaded that whatever they did was in self-defense; and other matters which might be considered in mitigation of damages. Trial to a jury. Verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Ranck & Bradley, G. A. Ewing,* and *John W. Slater* for appellants.

*Remley & Ney* and *Bailey & Murphy* for appellee.

DEEMER, J.—I. In his petition, plaintiff alleged that he received serious and dangerous injuries, some

of which were permanent in their nature and character. He proved upon the trial, without objection, that he was ruptured in the assault made upon him by defendants.

Appellants contend that they were not bound to anticipate the claim of such injury from the averments of the petition, and that all evidence relating thereto was incompetent. They made no such objections in the lower court, and cannot present them here for the first time.

II.  On cross-examination, plaintiff was asked as to certain statements (or, rather, as to the want of certain statements), made by him, as to the extent of his injuries, upon the trial of a criminal case, growing out of the assault. These questions followed, which were disposed of in the manner indicated: "Q. Did you, on that trial, when asked if you were injured, say that you were ruptured at the time of that occurrence? (Same objection. Sustained. Defendants except.)  Q. What did you say?  A. I started to answer your questions, and the attorney objected, and the court sustained the objection; so the question was not repeated to me.  Q. Did you not refuse to answer? A. No, sir; it came about just as it did this time. You asked the question, and I was getting ready to answer you, and the attorneys objected. You asked me then if I refused to answer, and I said, 'No;' but the objection had been made, and the court sustained it." The witness further testified: "I cannot recollect all the questions, that way, that was asked me at the trial before 'Squire Dodder. I do not remember what was asked, and I do not remember what answer I made. I would tell you if I could think of it." The shorthand reporter who took down the evidence at that hearing was called as a witness for the defendants, and asked to read certain questions propounded to, and answers made by, Reizenstein. To this an objection was interposed, upon the ground that it was in no manner contradictory of

what he had said upon the witness stand in this trial, and the objection was sustained. Surely, there was no error in this. Appellants were granted all they were entitled to.

III. Appellee was asked upon cross-examination if he had not stated to one Bradley, prior to the alleged assault, that he was ruptured, and also if he had not filed a petition before the city council, asking to be relieved from working poll tax, on account of physical infirmity. Objections to these questions were sustained, and, as we think, erroneously. But we find, on turning to the record, that the witness answered in response to further interrogatories as follows: "I do not remember of ever having a conversation with Bradley, while he was a member of the city council, in 1893, with reference to getting poll tax remitted. I never made application to the city council to have my poll tax remitted. I do not know whether I was at the city council on the third day of July, 1893, or not." Whatever error there may have been was cured by the subsequent proceedings. Moreover, defendants proved by Bradley the statements made to him, and introduced evidence to the effect that appellee had presented to the city council the petition referred to; and the whole matter was again inquired about when plaintiff was placed upon the stand in rebuttal.

IV. Apellants sought to show, upon cross-examination, that appellee had been assaulted at other times prior to the assault in question. They did not contend, however, that these assaults resulted in permanent injury, or that any of the disorders from which plaintiff then claimed to be suffering were due to these prior assaults. The objections to the questions were properly sustained. *Lorig v. City of Davenport*, 99 Iowa, 479. Moreover, appellants were permitted to prove, as a part of their case, that appellee had

been assaulted on the two occasions referred to. And there was no prejudice in any event.

V. At the close of the introduction of appellee's evidence, appellants moved for a verdict on the ground that the assault was not a joint one. Their motion was overruled, and exception taken. We will not review the evidence bearing upon this question, and content ourselves by saying that there was no error in the ruling.

VI. The petition alleges that the assault was wantonly and maliciously committed, but the court did not charge that plaintiff must prove that it was so done, in order to recover. This is said to be error, and *Cottrell v. Piatt*, 101 Iowa, 231, is relied upon. That case does not go to the extent claimed. All that it holds is that plaintiff must prove that the assault was intentionally committed. It has never been held that the plaintiff must prove that an assault made upon him was malicious, in order to recover. And the fact that the assault is charged to have been done maliciously does not change the rule, for the Code of 1873 (section 2729), provides that a party shall not be compelled to prove more than is necessary to entitle him to the relief asked. The trial court instructed that plaintiff must prove that the assault and battery was unlawfully made. This was sufficient.

VII. The court instructed that, if the jury found the assault was malicious, they might award exemplary damages (that is, a sum sufficient to show disapproval of the act, or as an example to deter others from doing likewise), and that the amount thereof, in case they should be awarded, rested solely in the discretion of the jury. Claim is made that the instruction is erroneous, because there was no evidence of malice, and for the further reason that it is not true that the whole matter is left to the discretion of the jury. We think that there was sufficient evidence to justify the giving of the instruction, and that the instruction, as

given, is correct. It is true that we have said, in considering allowances made by juries in some cases, that this discretion is not unlimited,—which is, no doubt, true; but these statements were made when considering the question as to excessiveness of verdict, and had no reference to what should be embodied in an instruction given by a trial judge. The paragraph of the charge which is challenged is in accord with instructions approved by the almost universal voice of authority. *Goodenough v. McGrew*, 44 Iowa, 670; *Root v. Sturdivant*, 70 Iowa, 55. Further, it is contended that the instruction does not define "malice," and that the burden of proving it was not placed upon the plaintiff. The instruction was correct so far as it went. If appellants desired more specific reference to the matter, they should have made request therefor. Again, it is said that it directs the jury to assess exemplary damages against both defendants if they found but one was actuated by malice. We do not think that this is a proper construction of the instruction. It certainly does not say so in express terms, and, when we look to the charge as a whole, we find that such a thought is clearly excluded. But, in any event, the charge, as applied to the facts of this case, was correct. The jury must have found, under the instructions, that the assault was a joint one. If so, and if one of the participants was actuated by malice, this condition of mind will be attributed to the other, and each held liable for all damages, both actual and exemplary, resulting from the assault. So the court instructed, and such is undoubtedly the law. *Turner v. Hitchcock*, 20 Iowa, 310; Sutherland, Damages (2d ed.), section 140.

VIII. In answer to special interrogatories, the jury found that Ezekiel Clark did not strike plaintiff at any time after his son, Earl, took hold of him; that

Ezekiel Clark directed his son, Earl Clark, to take plaintiff away; and that Ezekiel Clark and Earl Clark did not strike plaintiff at the same time. Counsel contend that the special findings are inconsistent with the general verdict, and that a new trial should have been granted. Assuming, as we must, that all these facts specially found by the jury are true, yet it does not follow that the general verdict is inconsistent with them. The jury may very well have found that the defendants were jointly engaged or concerned in the assault, or that one aided or abetted the other therein, and such finding would not be inconsistent with the general verdict. It was not incumbent on plaintiff to show that either defendant expressly directed the other to make the assault, or that they struck him at the same moment of time, or that one struck him after the other. These were largely evidentiary, and not ultimate, facts, and are not controlling.

IX. Some other matters are discussed, but they are not of sufficient importance to demand separate consideration. We find no prejudicial error, and the judgment is AFFIRMED.