**Chester WALTON, Appellee,**

v.

**Esther Mae STOKES d/b/a Pzazz Lounge, Appellant.**

No. 61462.

Supreme Court of Iowa.

Oct. 18, 1978.

Rehearing Denied Nov. 17, 1978.

Gerry M. Rinden, Rock Island, Ill., for appellant.

C. A. Frerichs, of Fulton, Frerichs, Nutting & Martin, Waterloo, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, UHLENHOPP, and HARRIS, JJ.

HARRIS, Justice.

Must a plaintiff, seeking recovery under the dram shop act, show a causal relationship between the intoxication and the injuries? The trial court held there is no such burden and we agree.

Plaintiff seeks recovery under our dram shop act, § 123.92, The Code, for injuries sustained in an altercation at defendant's lounge in Waterloo. He alleges defendant or her employees sold or gave intoxicating liquor to another patron, Charles Mhoon, until Mhoon became intoxicated, or sold or gave the liquor while Mhoon was intoxicated. Plaintiff then alleges he was injured when Mhoon, while intoxicated, shot him with a handgun.

Plaintiff does not assert there was a causal relationship between the intoxication and

his injuries. After defendant answered, the plaintiff filed a motion to adjudicate law points, asking the court to rule that plaintiff need not prove Mhoon's intoxication was a proximate cause of his injuries. The trial court held that there is no requirement to show the causal connection. We granted permission to bring this interlocutory appeal to test the ruling.

I. A certain amount of uncertainty on the question flows from the differing types of dram shop acts. In comparing our statute with those of other states it is important to remember the underlying purpose of such acts. We have, many times noted the purpose is to obviate the difficulty, amounting oftentimes to an absolute impossibility, of connecting the act of the dram shop operator and the injury. *Shasteen v. Sojka*, 260 N.W.2d 48, 50 (Iowa 1977).

Defendant attaches considerable importance to dicta she quotes from our opinion in *Bistline v. Ney Bros.*, 134 Iowa 172, 180, 111 N.W. 422, 425 (1907). In *Bistline* the plaintiff, under a former dram shop act, sought to recover loss of support as the result of the suicide of her intoxicated husband. The trial court instructed the jury that, to recover, the plaintiff needed to prove the suicide would not have occurred had the dram shop operator not sold liquor to the victim. We held this was error. After so holding we used the language upon which defendant relies: ". . . This is not to say that a liquor seller may be held liable for injuries which are in no manner connected with the intoxication of the person in question. . . ." 134 Iowa at 180, 111 N.W. at 425.

The quoted statement does not establish defendant's position. In addition to being dicta it is taken out of context. We went on to say: ". . . Indeed the language of this statute clearly excluded all such absurd results. The liability is for injuries to others done *by* the intoxicated person, or resulting *from* his intoxication, and not for anything else. . . ." (Emphasis in original.) 134 Iowa at 180, 111 N.W. at 425. The point of our holding in *Bistline* is that a

causal connection is required only where the injury is claimed *from* the intoxication, in that case by way of suicide. It is not authority for cases in which it is claimed the plaintiff was injured *by* the intoxicated person. See Annot., 64 A.L.R.2d 705, 722, § 8.

For a holding which properly expresses our rule see *Lee v. Hederman*, 158 Iowa 719, 722, 138 N.W. 893, 894 (1913): ". . . It is enough that the injury was *by* an intoxicated person, regardless of whether it would have been committed by him if sober. In other words, if *by* an intoxicated person, it is not necessary to prove that the injury was in consequence of intoxication. (Authority)." (Emphasis added.) We recognized the same rule more recently in *Williams v. Klemesrud*, 197 N.W.2d 614, 617 (Iowa 1972).

The proximate cause question most often argued in dram shop cases is a much narrower one. Must it be shown that the liquor furnished by the operator contributed to the intoxication? Our cases, in accordance with what we perceive to be the majority view, indicate there must be such a showing. *Pose v. Roosevelt Hotel Company*, 208 N.W.2d 19, 64 A.L.R.3d 860 (Iowa 1973); Annot., 64 A.L.R.3d 890, 891.

Of course the contribution by the operator toward the intoxication need only be partial. *League v. Ehmke*, 120 Iowa 464, 94 N.W. 938 (1903); *Kearney v. Fitzgerald*, 43 Iowa 580 (1876); *Woolheather v. Risley*, 38 Iowa 486 (1974).

Even this limited proximate cause requirement does not extend to a special situation. The statute, § 123.92, makes a special provision for situations where the patron, when served, is already intoxicated. In that special situation it is not necessary for the injured person to show the operator's act contributed to the intoxication. Furnishing liquor to the intoxicated person, in such a case, results in liability. Such a factual situation is alternatively alleged in this case.

The trial court was right in its holding that there is no requirement, in a dram

shop case, for a plaintiff to show the serving was a proximate cause of his injuries by the intoxicated person.

AFFIRMED.