Joseph F. GREMMEL, Appellant,

v.

JUNNIE'S LOUNGE, LTD., Appellee,

Daniel A. Demaio, Mark Kohn, and Gary Kohn, Defendants.

No. 85–1752.

Supreme Court of Iowa.

Dec. 17, 1986.

Rehearing Denied Jan. 20, 1987.

---

Joseph J. Bitter, Dubuque, for appellant.

Gerry M. Rinden of Wintroub & Rinden, Des Moines, for appellee.

LAVORATO, Justice.

The plaintiff, Joseph F. Gremmel, appeals from a judgment entered against him following an adverse jury verdict in a dramshop action to recover damages for personal injuries pursuant to Iowa Code section 123.92 (1979). Gremmel suffered the injuries in a fight with three assailants who allegedly were served intoxicating beverages by employees of the defendant, Junnie's Lounge, Ltd.

Although Gremmel originally sued the lounge and the three assailants, Mark Kohn, Gary Kohn, and Daniel A. Demaio, the case proceeded to trial against the lounge only. Gremmel asserts the district court erred in submitting the defense of assumption of risk based on assault and in submitting the defense that the intoxication, if any, of the assailants was not a proximate cause of his injuries. Finally, he challenges the wording of several instruc-

tions. Finding no reversible error, we affirm.

This litigation arose from an incident which occurred in Dubuque outside the defendant bar, Junnie's Lounge, Ltd., during the early morning hours of October 14, 1979. The plaintiff, Gremmel, was drinking in Junnie's with some of his friends. The evidence showed that the defendant Demaio was also drinking in the lounge that night. There was testimony that the defendants Mark and Gary Kohn, acquaintances of Demaio, arrived at the lounge after last call and were refused service. However, the plaintiff presented some evidence that the Kohn brothers were served drinks there.

Just before closing time, the plaintiff became involved in a shouting match with the defendant Mark Kohn. The argument started when Kohn, who the plaintiff believed was intoxicated, made a derogatory remark to Gremmel's friend Bill Condon, whose arm was in a cast. Gremmel said to Kohn, "If you are going to mess with him, you're going to have to mess with me." An employee of Junnie's Lounge told the men to "take it outside" because it was closing time. Gremmel, the Kohn brothers and Demaio went outside. Gremmel stated to his friends, "It looks like we're going to get into it," and took his shirt off.

While Mark Kohn and Gremmel were facing each other, Demaio struck the plaintiff in the back of the head. Gremmel wrestled Demaio to the ground. While Gremmel had Demaio down, Mark and Gary Kohn repeatedly kicked Gremmel in the head and face. Gremmel sustained serious injuries including the loss of his two front teeth.

Other evidence showed that Mark Kohn and the plaintiff were involved in an incident a few months prior to the confrontation at Junnie's. Gremmel was then working as a doorman at a bar called The Wheelhouse. Kohn, who had been drinking there earlier, returned after the bar had closed. Kohn drove a motorcycle inside The Wheelhouse; Gremmel knocked Kohn off the motorcycle and held him until the police arrived.

Following the incident with the Kohns and Demaio, the plaintiff sued them and Junnie's Lounge. He alleged a dramshop action against Junnie's based on assault in one division and an assault against the three assailants in another division. In its defense, Junnie's alleged the plaintiff had assumed the risk of the assault because of his conduct toward the assailants. It also alleged the intoxication, if any, of the assailants was not a proximate cause of the plaintiff's injuries.

As previously stated, the case proceeded to trial against Junnie's only. Following a jury verdict for Junnie's, the district court dismissed the plaintiff's action and later overruled the plaintiff's post-trial motions. Iowa R.Civ.P. 242, 243, and 244. Thereafter, the plaintiff appealed. Of the four defendants, only Junnie's is involved in this appeal.

I. *Assumption of risk.*

The plaintiff asserts the district court erred in instructing the jury that the doctrine of assumption of risk could be a defense to a dramshop action based on assault.[1] He acknowledges that we have allowed the doctrine as a defense to dramshop actions in automobile passenger cases. *See Rippel v. J.H.M. of Waterloo, Inc.,* 328 N.W.2d 499, 501 (Iowa 1983) (passenger of automobile could not recover from tavern in dramshop action where driver was intoxicated; passenger knew driver was intoxi-

---

1. Contrary to the defendant's contention, we believe the plaintiff preserved error by his objection to the assumption of risk instruction (No. 15). Liability is imposed on dramshop operators by Iowa Code section 123.92 (1979) which provides in part:

> Every ... person who shall be injured in person ... by any intoxicated person or re-

sulting from the intoxication of any such person, shall have a right of action ... against any licensee or permittee who shall sell or give any beer or intoxicating liquor to any such person while he is intoxicated, or serve any such person to a point where such person is intoxicated for all damages actually sustained....

cated; passenger neither sought nor wanted other transportation and voluntarily assumed risk of riding with known intoxicated driver); *Berge v. Harris,* 170 N.W.2d 621, 626–27 (Iowa 1969). However, he points out that we have not had occasion to extend the doctrine to a dramshop action based on assault, and argues that we should not do so now. In support of his argument, he points to our long-established rule that consent is not a defense to either party in a case of mutual assault. *Schwaller v. McFarland,* 228 Iowa 405, 407, 291 N.W. 852, 852 (1940); *Lund v. Tyler,* 115 Iowa 236, 237, 88 N.W. 333, 333 (1901). He asserts consent is synonymous with assumption of risk; therefore, the defense should not be available in dramshop actions based on assault.

The dramshop act "is meant to protect only those who have not participated in the intoxicated person's intoxication by their complicity or assumption of risk," and it "chooses a class of people who shall receive protection" under it. *Martin v. Heddinger,* 373 N.W.2d 486, 488 (Iowa 1985). Assumption of risk is

> quite narrowly confined and restricted by two or three elements or requirements: first, the plaintiff must know that the risk is present, and he must further understand its nature; and second, his choice to incur it must be free and voluntary.

*Id.* at 489 (quoting *Prosser and Keeton on Torts* § 68, at 486–87 (5th ed. 1984)). Complicity, on the other hand, precludes a party

> who participates in the drinking activities during which the injuring party becomes intoxicated [from recovering] under the dramshop act.

*Martin,* 373 N.W.2d at 489 (quoting *Berge,* 170 N.W.2d at 625).

We stated our rationale for allowing complicity and assumption of risk as defenses to dramshop actions in *Berge:*

> The two reasons for the rule [complicity] in the cases are that one cannot profit from his own wrong and a person who participates in the drinking activities is

not an innocent person entitled to protection under the dramshop act.

. . . .

> We find nothing in the [dramshop] statute suggesting that an injured party should be allowed to recover regardless of his conduct. The doctrine of complicity is a recognition of the fact that the right to recover is limited to innocent persons. One who knowingly rides with a drunken driver can hardly be included in that category. We find no statutory bar to the application of assumption of the risk.

. . . .

> We do not believe it contributes to the fulfillment of [the statute] if the injured party is given no responsibility for his own welfare. Theoretically, at least, a person might be more willing to submit himself to the danger of riding with an intoxicated person if he could retain a cause of action under the dramshop act.

170 N.W.2d at 625–26.

We believe the same rationale applies to dramshop plaintiffs who mutually assent to combat with persons they believe are intoxicated. We therefore hold that the defense of assumption of risk, although not available to the combatants, is available to dramshop defendants in these circumstances. *Cf. Pottebaum v. Hinds,* 347 N.W.2d 642, 647 (Iowa 1984) (police officers precluded by fireman's rule from recovering against dramshop operator for injuries sustained when intoxicated patron assaulted them while officers were attempting to quell disturbance at tavern). Not to allow the defense would be tantamount to allowing these plaintiffs to profit from their own wrongdoing. Moreover, such plaintiffs can hardly be considered innocent persons entitled to the protection of the statute. Finally, as a matter of public policy we should discourage tavern fights by imposing upon dramshop plaintiffs the responsibility for assuming the risk of their own injuries when they voluntarily choose to become involved in altercations with persons who, they believe, are intoxicated. Dramshop plaintiffs should not be allowed to take

their chances in such altercations and expect dramshop defendants to respond later in damages for their injuries.

■ We believe the evidence in this case warranted submission of the defense.[2] The trial testimony indicated that Gremmel knew Mark Kohn and had been involved in at least one other incident with him on a prior occasion. Gremmel thought Mark Kohn was intoxicated, but still chose to intervene in a verbal confrontation between Kohn and Condon. He told Kohn, "If you are going to mess with him, you're going to have to mess with me." After Kohn and Gremmel were told to leave the premises, Gremmel went out the door and took off his shirt in preparation for the confrontation. The jury could reasonably find that Gremmel voluntarily chose a course of conduct with full realization of the hazards involved.

## II. *Proximate cause as an affirmative defense.*

■ The plaintiff challenges the district court's instruction (No. 14) encompassing the defendant's affirmative defense that the intoxication, if any, of the assailants was not a proximate cause of the plaintiff's injuries. He asserts there was no evidence to support its submission because there was undisputed testimony that the assailants never fought unless they were intoxicated. We disagree. Generally, proximate cause is a question for the jury and it is only in exceptional cases that it may be decided as a matter of law. Iowa R.App.P. 14(*f*)(10); *Johnson v. Junkmann*, 395 N.W.2d 862, 864 (Iowa 1986).

■ As previously stated, Gremmel and Mark Kohn had been involved in a prior incident at The Wheelhouse bar. That incident, coupled with the exchange of words between Mark Kohn and Gremmel in Junnie's Lounge and Gremmel's conduct outside the lounge, supported a reasonable inference that the ill-feeling between the two, rather than the intoxication, led to the assault. Moreover, there was testimony that all three assailants had propensities to fight even when they were sober.

The district court did not err in submitting this defense.

## III. *The instructions.*

The plaintiff asserts the district court erred in its marshaling instruction (No. 11) because it used the word "the" instead of "a" when referring to proximate cause.[3] He argues the jury was misled because the instruction required proof that beer or liquor furnished by the defendant to the three assailants was the sole proximate cause of their intoxication.

■ The defendant concedes the instruction should have read "a proximate cause," but argues the error was harmless because other instructions made it clear that the beer or liquor furnished need not be the sole proximate cause of the intoxication. We agree.

---

**2.** The instruction (No. 15) on assumption of risk provided in part:

....

A person who chooses a course of action, with knowledge of certain inherent dangers of those actions which involve an alleged intoxicated person, is deemed to have assumed the risks of damages or injuries which the plaintiff states were caused by the intoxication of the alleged intoxicated person ...

In this case, if you find that plaintiff chose a course of action, with knowledge of the certain inherent dangers of his actions involving Daniel Demaio, Gary Kohn, or Mark Kohn, then you may find that plaintiff assumed the risks of any injuries or damages allegedly caused by the intoxication of Daniel Demaio, Gary Kohn, or Mark Kohn which resulted from the course of action chosen by the plaintiff ... [and he] cannot recover....

**3.** The instruction states in part:

(2) That Junnie's Lounge, Ltd., its agents, servants or employees, sold or gave beer or intoxicating liquor to Daniel Demaio while he was intoxicated, as defined in these instructions, or to a point where he became intoxicated.

(3) That the beer or intoxicating liquor sold or given to Daniel Demaio by Junnie's Lounge, Ltd., was the proximate cause of the intoxication of Daniel Demaio at the time of said incident.

The same instruction was given in the alternative as to the other two assailants, Mark Kohn and Gary Kohn.

In reviewing instructions for error we start with the cardinal rule that "[a]ll instructions given must be read and considered together and related to each other, not piecemeal or in artificial isolation." *Dickman v. Truck Transport, Inc.*, 224 N.W.2d 459, 464 (Iowa 1974). The district court submitted a stock instruction embodying this rule.

In one instruction (No. 6) the court defined proximate cause as "an act or omission which, in a natural and continuous sequence of events, unbroken by any new and intervening cause, produces an event and without which the event would not have occurred." In another instruction (No. 13) the court told the jury that

> [o]ne of the elements which plaintiff must establish by a preponderance of the evidence is that the beer or intoxicating liquor sold or given to Daniel Demaio, Mark Kohn, or Gary Kohn by defendant was *a* proximate cause of their intoxication at the time of the incident in question.
>
> ....
>
> *In this connection you are further instructed that it need not be shown that the beer or intoxicating liquor was the sole proximate cause of the intoxication. It is enough if it is shown that it was a substantial, cooperating, concurring or contributing cause to said intoxication.* If such beer or intoxicating liquor substantially combined or concurred with other beer or intoxicating liquor earlier consumed by Daniel Demaio, Mark Kohn, or Gary Kohn to cause the continuance of an intoxicated condition until the time of the incident, then this element of proximate cause has been established.

(Emphasis added.) Read together, these instructions clearly convey the message that the liquor or beer furnished need not be the sole proximate cause of the intoxication. We conclude the claimed error was harmless.

■ The plaintiff also contends Instruction No. 13, previously set out, fails to give him the benefit of that portion of the dramshop statute that permits liability when the licensee or permittee serves alcoholic beverages to a person *already* intoxicated. *See Walton v. Stokes*, 270 N.W.2d 627, 628 (Iowa 1978) (plaintiff need only show that the beer or liquor furnished contributed to the intoxication, or that the injuring intoxicated person, when served, was already intoxicated). There is no merit to this contention because the court covered the matter in other instructions. Instruction No. 10 stated in part:

> The law of Iowa provides that a person who is injured in person by an intoxicated person shall have a right of action against any licensee or permittee who shall sell or give any beer or intoxicating liquor to any person *while he is intoxicated or serve any such person to the point where such person is intoxicated* ....

(Emphasis added.) In addition, element number two of each alternative in the marshaling instruction required proof that the defendant "sold or gave beer or intoxicating liquor to [the alleged intoxicated person] ... while he was intoxicated ... or to a point where he became intoxicated."

Finally, the plaintiff takes issue with the district court's failure to instruct on his theory of joint liability for the assault. Simply stated, he argues the court should have instructed the jury that Junnie's could be liable if it contributed to the intoxication of only one of the three assailants, even though that one did not actually injure the plaintiff.[4] As previously mentioned, the

---

4. The plaintiff's theory of joint liability is set out in his proposed instruction which states in part:

> Where a person is assaulted by more than one other person, acting in concert, the persons committing the assault are all jointly responsible for the injuries received during the assault.

Thus in this case, if you find that Plaintiff was assaulted by others, acting in concert, and if you further find that one or more of the assaulting parties was served beer or other intoxicating beverages to the point of intoxication or while intoxicated, and that said intoxication was a proximate result of Plaintiff's injuries, then Plaintiff shall be entitled to re-

district court in the marshaling instruction instructed in the alternative as to each assailant. Thus, before the plaintiff could recover the jury had to find that his injuries were caused by an assailant who was *actually* served intoxicating beverages by the defendant and that the assailant was intoxicated or served to the point of intoxication.

■ The joint liability rule for assault provides that liability is not limited to the direct perpetrator of the assault but it

> extends to any person who by any means encourages or incites [the assault] or aids and abets it. Although mere words are not sufficient to constitute assault ... a person may be held liable ... if he encouraged or incited by words the act of the direct perpetrator of the tort.

(Footnotes omitted). 6 Am.Jur.2d *Assault and Battery* § 128 (1963); *see also Reizenstein v. Clark,* 104 Iowa 287, 292, 73 N.W. 588, 590 (1897). The plaintiff does not contend, nor does the evidence show, that any employee of Junnie's encouraged or aided and abetted the assault upon the plaintiff. Rather, he predicates liability for the assault upon the fact that Junnie's allegedly contributed to the intoxication of one or more of the assailants and asserts the district court should have so instructed. We disagree.

■ According to section 123.92, every person "who shall be injured ... *by any intoxicated person* or resulting from the intoxication of *any such person,* shall have a right of action ... against any licensee ... who shall sell or give any beer or intoxicating liquor to *any such person* while he is intoxicated, or serve *any such person* to a point where *such person* is intoxicated...." (Emphasis added.) By its express terms the statute limits the liability of the licensee to injuries caused by the person to whom the licensee furnished beer or intoxicating liquor. We do not

ascribe any intention to the legislature to extend the statute beyond its express terms to impose liability upon a licensee for the acts of any person who is not furnished beer or intoxicating liquor by the licensee in the manner required by the statute. The statute is clear in its limitation and we will not go beyond its express language. *See State v. Baldwin,* 396 N.W.2d 192, 195 (Iowa 1986).

The district court did not err in refusing to instruct on plaintiff's theory of joint liability.

### IV. *Disposition.*

In summary, we conclude the district court was correct in submitting assumption of the risk and proximate cause as defenses. Moreover, it did not commit any prejudicial error in the wording of the various instructions challenged by the plaintiff.[5]

AFFIRMED.

---

cover ... *without the necessity of Plaintiff proving which of his injuries was caused by any of the assaulting parties.*
(Emphasis added.)

**5.** The plaintiff urged a number of other contentions, none of which were raised in the district court. Accordingly, we give them no consideration here. See *Hoekstra v. Farm Bureau Mutual Ins. Co.,* 382 N.W.2d 100, 107 (Iowa 1986).