**Roberta HAYWARD, Executor of the Estate of Kipton Lynn Hayward, Deceased, Appellant,**

v.

**P.D.A., INC. d/b/a Denny Arthur's All Iowa Sports Bar, Appellee.**

No. 96–1065.

Supreme Court of Iowa.

Dec. 24, 1997.

Rehearing Denied Jan. 30, 1998.

David Scieszinski, Wilton, for appellant.

John R. Ward, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

Plaintiff appeals from the district court's ruling granting defendant's motion for summary judgment in this dramshop action. She argues the district court erred in finding that defendant's actions were not a proximate cause of decedent's death. Finding no error in the district court's ruling, we affirm.

## I. Facts and Procedural Background

During the evening hours of October 8 and early morning hours of October 9, 1993, defendant's employees sold alcoholic beverages to Julieanne F. Christensen. At approximately 1:30 a.m. on that date Christensen was killed when her car collided with another vehicle on Interstate 80/35 northeast of Des Moines. Christensen's vehicle was moving in the wrong direction down the divided highway at the time of the accident. Kipton Hayward, a Polk County Deputy Sheriff, was called to the scene of the accident to perform collision-related duties. At approximately 2:07 a.m., while performing his duties, Hayward was struck and killed by a passing motorist, James Dean Smith. Smith was intoxicated at the time of the accident; however, the alcohol which caused Smith's intoxication was not obtained from defendant.

Roberta Hayward, the wife of Kipton Hayward and executor of his estate, filed

suit under Iowa's dramshop act, Iowa Code section 123.92 (1993). Plaintiff alleged that defendant's employees knowingly sold and served Christensen alcohol with the knowledge that she was or would become intoxicated. Plaintiff further alleged that such actions were a proximate cause of Christensen's intoxication and her ensuing actions, which resulted in Hayward's death. Defendant filed a motion for summary judgment, arguing that its motion should be granted on either of two grounds: (1) that the "Fireman's Rule" barred recovery; or (2) that Smith's actions were an intervening superseding cause in Hayward's death. The district court granted the motion for summary judgment on the ground that defendant's actions were not a proximate cause of Hayward's death because Smith's negligence constituted a superseding cause. Plaintiff appeals from this adverse ruling.

On appeal, plaintiff argues that a material question of fact exists with regard to whether defendant's acts were a proximate cause of Hayward's death. Specifically, she argues that Smith's actions constituted only a concurring cause which operated along with defendant's actions to cause Hayward's death. Defendant argues that Smith's conduct constitutes a superseding cause and, in the alternative, that the Fireman's Rule bars recovery by plaintiff.

II. Scope and Standard of Review

■ Our review from a district court's grant of a motion for summary judgment is for correction of errors at law. *See* Iowa R.App. P. 4. We will uphold a grant of summary judgment when the moving party has shown no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c); *C–Thru Container Corp. v. Midland Mfg. Co.*, 533 N.W.2d 542, 544 (Iowa 1995). In determining whether the moving party has met this burden, we review the record in the light most favorable to the party opposing summary judgment. *C–Thru Container*, 533 N.W.2d at 544.

III. Proximate Cause

■ Plaintiff sued defendant on the basis of Iowa's dramshop act, which states as follows:

Any person who is injured in person or property or means of support by an intoxicated person or resulting from the intoxication of a person, has a right of action for all damages actually sustained, severally or jointly, against any licensee or permittee, ... who sold and served any beer, wine, or intoxicating liquor to the intoxicated person when the licensee or permittee knew or should have known the person was intoxicated, or who sold to and served the person to a point where the licensee or permittee knew or should have known the person would become intoxicated.

Iowa Code § 123.92.

In its ruling on defendant's motion for summary judgment, the district court found that defendant's actions were not a proximate cause of plaintiff's injuries. Although the question of proximate cause is ordinarily for the jury to decide, it may be decided as a matter of law in exceptional cases. Iowa R.App. P. 14(f)(10); *Scoggins v. Wal–Mart Stores, Inc.*, 560 N.W.2d 564, 566 (Iowa 1997); *Ruden v. Jenk*, 543 N.W.2d 605, 607 (Iowa 1996).

The burden of proving proximate cause is on the plaintiff in this action. We have previously noted that when "a plaintiff alleges injuries *resulting from* the intoxication of a person [rather than *caused by* the intoxicated person], the plaintiff carries the burden of establishing that the licensee's or permittee's conduct was a proximate cause of those injuries." *Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 352 (Iowa 1991).

■ In discussing the element of causation in a recent case, we summarized the requirements as follows:

[U]nder any definition of causation, this element has two components: (1) the defendant's conduct must have *in fact caused* the plaintiff's damages (generally a factual inquiry) and (2) the policy of the law must require the defendant to be *legally responsible* for the injury (generally a legal question).

*Gerst v. Marshall*, 549 N.W.2d 810, 815 (Iowa 1996). In conducting the factual inquiry, we

require the plaintiff to meet two tests: (1) that the harm would not have occurred *but for* the negligence of the defendant, and (2) that the negligence of the defendant was a substantial factor in bringing about the harm. *Scoggins,* 560 N.W.2d at 567 (citing *Gerst,* 549 N.W.2d at 817) (noting that the majority of our decisions require a plaintiff to meet both of these tests in determining whether factual causation has been established).

Regarding the proximate cause component of causation, we have said:

> Proximate causation presents the question of whether the policy of the law will extend responsibility to those consequences which have in fact been produced by an actor's conduct. The general rule is that an actor's conduct is the proximate or legal cause of harm to another if (1) his conduct is a "substantial factor" in bringing about the harm and (2) there is no other rule of law relieving the actor of liability because of the manner in which his negligence resulted in the harm.

*Kelly,* 476 N.W.2d at 349 (citations omitted).

We have previously recognized that proximate cause is difficult to analyze because it is "based on policy, a nebulous and undefined concept." *Hagen v. Texaco Ref. & Mktg., Inc.,* 526 N.W.2d 531, 538 (Iowa 1995) (citing *State v. Marti,* 290 N.W.2d 570, 585 (Iowa 1980)). Therefore, criteria have been formulated to address problem areas within the area of proximate causation. *Id.* One set of criteria particularly relevant to the issue before us is that for intervening superseding cause.

▆▆▆ We have held that a defendant's conduct is not a proximate cause of a plaintiff's harm if it is superseded by later-occurring independent forces or conduct. *See, e.g., Kelly,* 476 N.W.2d at 350; *Smith v. Shaffer,* 395 N.W.2d 853, 857 (Iowa 1986); *Marti,* 290 N.W.2d at 586. To conclude that an event or conduct constitutes a superseding cause, the court must find that "the later-occurring event is such as to break the chain of causal events between the actor's [conduct] and the plaintiff's injury." *Kelly,* 476 N.W.2d at 349. Such a finding prevents a finding of proximate cause even when the actor's conduct is found to be a cause-in-fact of the plaintiff's harm. *Id.* When a superseding cause is found, the law considers that cause "to be the effective harm, and relieves the defendant from liability for the earlier negligent act." *Sumpter v. City of Moulton,* 519 N.W.2d 427, 431 (Iowa App.1994).

▆▆▆ The Restatement defines superseding cause as: "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement (Second) of Torts § 440 (1964). "In order for an intervening act or force to relieve an individual from liability, [the harm] must not have been a normal consequence of his acts or have been reasonably foreseeable." *Haumersen v. Ford Motor Co.,* 257 N.W.2d 7, 15 (Iowa 1977). Section 442 of the Restatement (Second) of Torts sets forth several factors to be considered in determining whether an intervening act constitutes a superseding cause:

(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

We have previously approved the use of these factors in the superseding cause analysis. *See Hollingsworth v. Schminkey,* 553 N.W.2d 591, 597 (Iowa 1996); *Iowa Elec. Light & Power Co. v. General Elec. Co.,* 352 N.W.2d 231, 235 (Iowa 1984).

 It is clear that not all intervening acts constitute a superseding cause—"[a]n intervening force which falls squarely within the scope of the original risk will not supersede the defendant's responsibility." *Hollingsworth,* 553 N.W.2d at 598 (citing *Stevens v. Des Moines Indep. Community Sch. Dist.,* 528 N.W.2d 117, 119 (Iowa 1995)). Section 447 of the Restatement is also instructive when determining whether an intervening act constitutes a superseding cause:

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
>
> (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
>
> (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or
>
> (c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

In the instant case, plaintiff seeks to impose liability on defendant for the death of Kipton Hayward. We conclude, however, that defendant may not be exposed to liability for Hayward's death. This is one of those exceptional cases when the issue of proximate cause may be decided as a matter of law. *See* Iowa R.App. P. 14(f)(10). More specifically, we conclude that, as a matter of law, Hayward's death was not a proximate, foreseeable result of defendant's conduct in selling Christensen alcoholic beverages.

 Moreover, Smith's negligent and illegal act of driving while intoxicated and striking Hayward was a superseding act. We find support for this conclusion from previous dramshop cases in which superseding cause has been analyzed. *Compare Kelly,* 476 N.W.2d at 341, *with Gremmel v. Junnie's Lounge, Ltd.,* 397 N.W.2d 717 (Iowa 1986). In *Gremmel,* the plaintiff, a patron of Junnie's Lounge, was injured in a fight with three other patrons. *Gremmel,* 397 N.W.2d at 718–19. The plaintiff brought a dramshop suit against the lounge. The lounge defended on the ground that the assailants' intoxication was not a proximate cause of plaintiff's injuries; more specifically, that the intoxication did not contribute to the assailants' propensity to fight with the plaintiff. *Id.* The jury found that the lounge's conduct was not a proximate cause of plaintiff's injuries. On appeal, we concluded that the ill-feelings between the plaintiff and one of the assailants, not the intoxication, led to the assault. *Id.* at 721.

In *Kelly,* plaintiffs sued a tavern, contending that its act in serving alcohol to a patron when it "knew or should have known" he was intoxicated led to the patron's negligence in entrusting his truck keys to a friend. The friend, who was also intoxicated, but not with alcohol obtained from defendant, caused an accident in which plaintiffs were injured. *Kelly,* 476 N.W.2d at 344. We concluded that by merely serving the patron, defendant was not responsible for the conduct of a nonpatron, who was intoxicated from drinking alcohol procured from other sources. *Id.* at 353. We noted that the defendant's act of selling the patron alcohol was twice-removed from the plaintiffs' injuries. *Id.* at 350. While we acknowledged that "there need not be a certain number of intervening events between a defendant's conduct and a plaintiff's injuries in order for a court to relieve the defendant of liability," we found that the number of intervening events was a factor to be considered when analyzing the foreseeability of the harm resulting from the defendant's conduct. *Id.* at 350–51.

After analyzing the circumstances of this case in light of the factors set forth by the Restatement and by our prior cases, we conclude that defendant's actions were not a proximate cause of Hayward's death. Rather, the intervening force of Smith's illegal and negligent act constituted a superseding

cause, insulating defendant from liability. First, we note that the intervening force of Smith's illegal and negligent act operated independently of any situation created by defendant's negligence. Defendant did not serve Smith alcohol on the evening in question; Smith obtained his alcohol from another location. Nothing that defendant or Christensen did caused Smith to drive while intoxicated and fatally injure Hayward. Second, the intervening force was due to a third person's act, namely Smith's operation of his vehicle while he was intoxicated. Third, Smith's intervening act was wrongful toward Hayward and subjects Smith to potential liability to Hayward's estate. Fourth, we note that Smith's wrongful act carries with it a high degree of culpability. *See* Restatement (Second) of Torts § 442.

In addition to the various factors from the Restatement militating in favor of defendant listed above, we note that Smith's act did not "fall[ ] squarely within the scope of the original risk." *Hollingsworth*, 553 N.W.2d at 598. Rather, Smith's illegal and negligent act was outside the risk that defendant took in serving alcohol to Christensen to the point of intoxication. No facts are presented that could have led defendant to predict the situation which was precipitated by Christensen's intoxication at the hands of defendant. Defendant had no control over the acts of Smith. Nor can we say that Smith's act was a normal consequence of the situation created by defendant's negligence. *See* Restatement (Second) of Torts § 447. The chain of events which unfolded that night would have been difficult to foresee and are difficult to imagine, even in hindsight. Kipton Hayward's death was "not a normal consequence" of defendant's acts and was not "reasonably foreseeable." *Haumersen*, 257 N.W.2d at 15. We also note that in the case at bar, the death of Hayward was several times removed from defendant's act of serving alcohol to Christensen. *See Kelly*, 476 N.W.2d at 350–51. The chain of events began with defendant's serving of alcohol to Christensen, followed by Christensen's illegal and negligent act of driving while intoxicated and causing an accident, followed by Smith's illegal and negligent act of driving while intoxicated and striking Hayward.

For the foregoing reasons, we hold that, as a matter of law, defendant's conduct in serving Christensen alcohol was not a proximate cause of Hayward's death. Smith's illegal and negligent act of driving while intoxicated constituted an intervening superseding cause which relieved defendant of liability. We have previously noted that one of the purposes of the dramshop act "is to provide a mode of relief to innocent victims harmed by those who contribute to the serving of excess liquor." *Id.* at 353 (citing *Slager v. HWA Corp.*, 435 N.W.2d 349, 351 (Iowa 1989)). However, as we noted in *Kelly*, "to impose liability upon a licensee or permittee in these circumstances would open the floodgates to a plethora of lawsuits, exposing licensees and permitees to almost limitless liability." *Id.*

In light of our holding on this ground of defendant's motion for summary judgment, we find it unnecessary to consider defendant's other contention regarding the Fireman's Rule. Therefore, we affirm the ruling of the district court sustaining defendant's motion for summary judgment.

**AFFIRMED.**