Chad M. **BERTE**, Individually, and as Administrator of the Estate of Nicole Berte, Deceased, and as Guardian and Conservator of Bryan Berte, A Minor, Appellee,

v.

**Randy Lee BODE,**

and

**Pep's, Inc., Appellant.**

No. 03–1147.

Supreme Court of Iowa.

Feb. 11, 2005.

---

Daniel E. Dekoter of Dekoter, Thole & Dawson, P.L.C., Sibley, for appellant.

Conrad F. Meis of Buchanan, Bibler, Buchanan & Gabor, Algona, for appellee.

LAVORATO, Chief Justice.

In this dramshop action, the district court denied the dramshop defendant's motion for summary judgment. The defendant admitted for the purposes of the motion that it sold and served alcoholic beverages to a patron, and as a result the patron became intoxicated. It is undisputed that shortly thereafter the intoxicated patron raped and killed another patron. In its motion, the defendant contended that the intoxicated patron's actions in raping and killing the other patron was, as a matter of law, an intervening and superseding cause thereby relieving it of any liability to the deceased patron's surviving minor son. We granted the defendant's motion for interlocutory appeal. We affirm the decision of the district court and remand for further proceedings.

## I. Scope of Review.

We recently summarized our rules concerning motions for summary judgment in *Luttenegger v. Conseco Financial Servicing Corp.*:

> Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. There is no fact issue if the only dispute concerns the legal consequences flowing from the undisputed facts. Our review is therefore limited to whether a genuine issue of material fact exists and whether the district court correctly applied the law.

671 N.W.2d 425, 431 (Iowa 2003) (citations omitted).

## II. Background Facts and Proceedings.

The following facts are undisputed.

Pep's Inc. [hereinafter Pep's] is a liquor licensee under Iowa Code chapter 123. On the evening of November 17, 2000 and into the early morning hours of November 18, Randy Lee Bode and Nicole Berte were patrons at Pep's. Between 1:30 and 2:00 a.m., Nicole agreed to give Bode a ride home in her vehicle.

On the evening in question, employees of Pep's sold and served alcoholic beverages to Bode, and as a result Bode became intoxicated. Some time after the two left Pep's, Bode raped Nicole and strangled her to death. As a result of this incident, which took place away from Pep's, the State initially charged Bode with first-degree murder and first-degree sexual abuse. Eventually, however, Bode pled guilty to voluntary manslaughter and second-degree sexual abuse.

On November 18, 2002, Chad M. Berte, Nicole's husband, individually, and as administrator of the estate of Nicole Berte, and as guardian and conservator of Bryan Berte, a minor, filed a two-count petition against Bode and Pep's. Bryan is Nicole's son.

The first count of the petition alleges assault and battery and wrongful death against Bode. The second count alleges a dramshop action against Pep's pursuant to Iowa Code section 123.92 (2001), and attached to the petition is a notice of intention to bring such action. The notice informs Pep's of Chad Berte's intention to file a dramshop action in his capacity as guardian and conservator for Bryan Berte, a minor. Iowa Code section 123.93 requires the injured person to give written notice of the intention to file a dramshop action within six months of the injury's occurrence. Iowa Code § 123.93. No notice was filed on behalf of Chad Berte individually. Nor was the time period extended for any of the reasons listed in section 123.93. Therefore, the dramshop

claim is solely for Bryan Berte [hereinafter Berte].

Later, Pep's filed a motion for summary judgment, which Berte resisted. An affidavit of one of Bode's former girlfriends was attached to Berte's resistance. In the affidavit, the former girlfriend states that Bode was generally a nice guy, however, he "became more violent and aggressive when drunk."

Following a hearing, the district court overruled the motion. Thereafter, we granted Pep's application for interlocutory appeal.

## III. Issue.

Pep's contends on appeal as it did in the district court that as a matter of law the sale and service of liquor to a person is not a proximate cause of that person's later act of intentional murder. Rather, the intentional act of murder is a superseding intervening cause that breaks the casual link between the intoxication and the intoxicated person's later injurious acts. For that reason, Pep's argues, it should, as a matter of law, be relieved of liability in this case. The district court, Pep's further argues, erred in concluding otherwise.

## IV. Analysis.

### A. Background. According to one writer,

[a]t common law, courts refused to recognize a cause of action arising out of the sale or furnishing of intoxicating beverages. The rationale underlying this refusal was that individuals, drunk or sober, were responsible for their own torts. The courts held that drinking the intoxicant, not furnishing it, was the proximate cause of the injury. In other words, the common law considers the act of selling the intoxicating beverage as too remote to serve as the proximate cause of an injury resulting from the negligent conduct of the purchaser of the drink.

Richard Smith, Note, *A Comparative Analysis of Dramshop Liability and a Proposal for Uniform Legislation,* 25 J. Corp. L. 553, 555 (2000); *see also Slager v. HWA Corp.,* 435 N.W.2d 349, 351 (Iowa 1989).

Like a number of states, Iowa passed what is commonly referred to as a dramshop statute. *Slager,* 435 N.W.2d at 351. The statute gives parties who are injured by the intoxication of other persons a right of action against the persons from whom the intoxicants were procured. *Id.* One of the earliest statutes was before this court in *Bistline v. Ney Bros.,* 134 Iowa 172, 111 N.W. 422 (1907). The statute in question provided:

Every wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support *by any intoxicated person,* or *in consequence of the intoxication* ... shall have a right of action in his or her own name against any person who shall, by selling or giving to another contrary to the provisions of this chapter any intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages. . . .

Iowa Code Ann. § 2418 (1897) (emphasis added).

The italicized language "by any intoxicated person" remains in our present day statute. *Compare* Iowa Code Ann. § 2418 (1897), *with* Iowa Code § 123.92 para. 1 (2001). The italicized language "in consequence of the intoxication" has been replaced by similar language: "resulting from the intoxication of a person." *Id.*

The present day statute, which is the subject of this action, provides:

Any person who is injured in person or property or means of support by an intoxicated person or resulting from the intoxication of a person, has a right of action for all damages actually sustained, severally or jointly, against any licensee or permittee, whether or not the license or permit was issued by the division or by the licensing authority of any other state, who sold and served any beer, wine, or intoxicating liquor to the intoxicated person when the licensee or permittee knew or should have known the person was intoxicated, or who sold to and served the person to a point where the licensee or permittee knew or should have known the person would become intoxicated. If the injury was caused by an intoxicated person, a permittee or licensee may establish as an affirmative defense that the intoxication did not contribute to the injurious action of the person.

Iowa Code § 123.92 para. 1 (2001).

**B. Causation in fact versus proximate cause.** In *Bistline,* the court explained the meaning of "by any intoxicated person" and "in consequence of the intoxication," an explanation that is still valid under our present day statute. "By any intoxicated person" is the phrase that controls our decision under the facts of this case. Because both phrases relate to the concept of causation, we think it would aid our analysis to first discuss that concept before undertaking to explain the difference between "by any intoxicated person" and "in consequence of the intoxication."

■■■ Causation has two components: "(1) the defendant's conduct must have *in fact caused* the plaintiff's damages (generally a factual inquiry) and (2) the policy of the law must require the defendant to be *legally responsible* for the injury (generally a legal question)." *Gerst v. Marshall,* 549 N.W.2d 810, 815 (Iowa 1996). We apply a "but-for" test to determine whether the defendant's conduct was a cause in fact of the plaintiff's harm. *Id.* at 817. Under that test,

the defendant's conduct is a cause in fact of the plaintiff's harm if, but-for the defendant's conduct, that harm would not have occurred. The but-for test also implies a negative. If the plaintiff would have suffered the same harm had the defendant not acted negligently, the defendant's conduct is not a cause in fact of the harm.

Dan B. Dobbs, *The Law of Torts* § 168, at 409 (2000) (footnote omitted) [hereinafter Dobbs]; *accord Gerst,* 549 N.W.2d at 815.

■■■ The difference between causation in fact and proximate cause has been described this way:

*Proximate cause requirement.* To prevail in a negligence action, the plaintiff must bear the burden of showing that the defendant's negligent conduct was not only a cause in fact of the plaintiff's harm, but also a proximate or legal cause.

*Function in limiting scope of responsibility.* Proximate cause rules are among those rules that seek to determine the appropriate scope of a negligent defendant's liability. The central goal of the proximate cause requirement is to limit the defendant's liability to the kinds of harms he risked by his negligent conduct. Judicial decisions about proximate cause rules thus attempt to discern whether, in the particular case before the court, the harm that resulted from the defendant's negligence is so clearly outside the risks he created that it would be unjust or at least impractical to impose liability. *The proximate cause issue, in spite of the terminology, is not about causation at all but about the appropriate scope of responsibility. The issue does not arise until negli-*

*gence and causation in fact have been proven.*

Dobbs, § 180, at 443 (emphasis added to text) (footnotes omitted); *accord Gerst,* 549 N.W.2d at 817. Thus, as Dobbs makes clear, causation in fact—a fact question— must be shown before the court ever reaches the question of proximate cause— a legal question.

■ **C. Injurious acts caused by an intoxicated person.** Returning to *Bistline,* this court made clear that when the injury is inflicted *by* an intoxicated person, the only question, as it relates to causation in fact, is whether the intoxicated person committed the injurious act. We do not even reach the proximate cause issue because the legislature made the policy decision to impose liability on the one who furnished the intoxicating beverage to the one who inflicted the injury. Proximate cause is therefore not an issue. This is made clear in the following passage from *Bistline:*

> [T]his statute creates a new right of action, and, to sustain such action, the person injured is not required to establish all the elements of an injury actionable at common law. It is enough if the facts alleged and proven include all the elements which the statute upon reasonable and fair construction may be said to prescribe.... The liability thus created is to every person who is injured in person or in property or in means of support "by any intoxicated person or in consequence of the intoxication of any person." In other words, if the injury is inflicted by one who is intoxicated, the statute charges a liability for damages upon him who wrongfully supplied such person with liquor producing the intoxication. *If a plaintiff, in an action of this kind, is to be held to establish immediate and proximate relation between the defendant's wrong and her injury,*

*the statute has created no new right, for it is a general rule, as old as the common law, that every person is liable in damages for injuries directly and proximately resulting to another from his tort. The very purpose of the statute is to extend such liability to include injuries which, under the common law, would be held too remote.*

*Id.* at 177–79, 111 N.W. at 424 (emphasis added); *accord Walton v. Stokes,* 270 N.W.2d 627 at 628–29 (Iowa 1978) (plaintiff need not prove the serving of intoxicating liquor was proximate cause of his injuries; plaintiff was shot by intoxicated patron to whom dramshop defendant served liquor); R.L. Brabson, Comment, *Liability of Tavernkeeper Under Civil Liability Acts for Injuries Resulting from the Intoxication of a Patron—Question of Causation,* 4 Vill. L.Rev. 575, 582 (1959) (plaintiff need not show the intoxication was the proximate cause of the injury resulting from the affirmative act of the intoxicated person; affirmative acts may be direct blows or assaults or injuries caused by reckless driving of the intoxicated person) [hereinafter Brabson].

■ The defendant has the burden to establish by way of affirmative defense that something other than the intoxication was the cause in fact of the injurious act. *Bistline,* 134 Iowa at 184, 111 N.W. at 426; *see also Gremmel v. Junnie's Lounge, Ltd.,* 397 N.W.2d 717, 721 (Iowa 1986). This defense is now codified in the present statute. *See* Iowa Code § 123.92 para. 1 ("If the injury was caused by an intoxicated person, a permittee or licensee may establish as an affirmative defense that the intoxication did not contribute to the injurious action of the person.").

**D. Injuries in consequence of the intoxication or resulting from the intoxication.** The former (injuries in consequence of the intoxication) relates to the

statute under consideration in *Bistline*, and the latter (injuries resulting from the intoxication) relates to the present statute. Our analysis is the same under either version.

■ In contrast to injuries by an intoxicated person, both cause in fact and proximate cause are appropriately the subject of inquiry where injuries occur in consequence of the intoxication. *Bistline*, 134 Iowa at 184, 111 N.W. at 426; *accord Hayward v. P.D.A., Inc.*, 573 N.W.2d 29, 31 (Iowa 1997) (bar's conduct in serving alcohol to intoxicated patron was not proximate cause of police officer's death; police officer was killed when struck by another vehicle while performing collision-related duties in connection with accident caused by intoxicated patron; case pled and treated as injuries resulting from the intoxication of the patron); *Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 352 (Iowa 1991) (tavern's conduct in serving beer to allegedly intoxicated person was not proximate cause of injuries suffered by accident victims who were injured in collision with pickup truck owned by intoxicated patron but driven by another person to whom patron had negligently entrusted vehicle; case pled and treated as injuries resulting from the intoxication of the patron); *Walton*, 270 N.W.2d at 628 (contrasting injuries caused by intoxicated person with injuries resulting from the intoxication of the patron); Brabson, 4 Vill. L.Rev. at 584 ("As distinguished from the situations where the injuries were caused by the direct affirmative act of the intoxicated person in which proximate cause is not an issue, in these actions of consequential injuries it must be shown that the intoxication of the patron was [a] proximate cause of the injury complained of before the defendant tavernkeeper can be held liable.").

■ **E. Application of the law to the facts.** Here it is undisputed that Pep's sold and served alcoholic beverages to Bode, he became intoxicated as a result, and while in that condition raped and killed Nicole Berte. Thus, we have a classic case of death inflicted *by* the intoxicated person. To prevail on its motion for summary judgment, Pep's had to establish as a matter of law that Bode's intoxication did not contribute to his injurious actions. *See* Iowa Code § 123.92 para. 1. In other words, Pep's had to establish as a matter of law that Bode's intoxication was not the cause in fact of his injurious actions.

Pep's pled as an affirmative defense that Bode's intoxication was not *the proximate cause* of his actions that led to Nicole Berte's death. Pep's amplified this defense in its memorandum in support of its motion for summary judgment as follows: As a matter of law the sale and service of liquor to Bode was not a proximate cause of Bode's later act of intentional murder. Rather, the intentional act of murder was a superseding intervening cause that broke the causal link between the intoxication and Bode's later injurious actions. This defense is clearly a subset of proximate cause. We made that clear in *Hayward*:

> We have held that a defendant's conduct is not a proximate cause of a plaintiff's harm if it is superseded by later-occurring independent forces or conduct. To conclude that an event or conduct constitutes a superseding cause, the court must find that "the later-occurring event is such as to break the chain of causal events between the actor's [conduct] and the plaintiff's injury." Such a finding prevents a finding of proximate cause even when the actor's conduct is found to be a cause-in-fact of the plaintiff's harm. When a superseding cause is found, the law considers that cause "to be the effective harm, and relieves the

defendant from liability for the earlier negligent act."

573 N.W.2d at 32 (alteration in original) (citations omitted).

Proximate cause is not an issue, when, as here the injurious action was caused *by* the intoxicated person. Moreover, Pep's pled no affirmative defense and made no showing as a matter of law that pursuant to section 123.92 paragraph 1 the intoxication did not in fact contribute to Bode's injurious actions. For these reasons we conclude the district court correctly denied Pep's motion for summary judgment.

## V. Disposition.

Because we conclude that the district court correctly denied Pep's motion for summary judgment, we affirm its decision and remand the case for further proceedings.

**AFFIRMED AND CASE REMANDED.**