# IN THE COURT OF APPEALS OF IOWA

No. 20-0481
Filed October 6, 2021

**ROBERT DAVID JOHNSTON JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.

Robert Johnston Jr. appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., Ahlers, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

In 2008, sentence was imposed upon Robert Johnston Jr.'s convictions of second-degree murder and willful injury. No appeal was taken. He has filed various applications for postconviction relief (PCR) since then. He filed the application precipitating this appeal in late 2018, more than ten years after his convictions became final. In time, the district court granted the State's motion for summary disposition on statute-of-limitations grounds. Johnston appeals that ruling.

We review summary disposition rulings in PCR proceedings for legal error. *Linn v. State*, 929 N.W.2d 717. 729 (Iowa 2019). Summary disposition is appropriate if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018) (ellipsis in original) (quoting *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994)); *see also* Iowa R. Civ. P. 1.981(3). "There is no fact issue if the only dispute concerns the legal consequences flowing from the undisputed facts." *Berte v. Bode*, 692 N.W.2d 368, 370 (Iowa 2005) (citation omitted). The record is viewed "in the light most favorable to the nonmoving party" and we "draw all legitimate inferences from the evidence in favor of the nonmoving party." *Schmidt*, 909 N.W.2d at 784.

Johnston seems to argue his claim of actual innocence based on purported newly discovered evidence serves as a ground of fact that could not be raised in the limitations period and is sufficient to except him from the statute of limitations. That evidence is one of his codefendant's January 2020 deposition testimony that Johnston did not have an intent to kill the victim, he left the scene before the victim

was killed, and the codefendant did not form an intent to kill the victim until after Johnston left. He also argues the supreme court's 2018 *Schmidt* decision, amounts to a new ground of law that could not have been raised within the limitations period excepting him from the statute of limitations based on his actual innocence claim.

Assuming the codefendant's testimony was true, it would have certainly been within Johnston's knowledge before the limitations period expired, and even before he pled guilty. The deposition testimony shows the codefendant was interviewed by Johnston's counsel, provided the same information, had actually been lined up to testify to the same information on Johnston's behalf in the criminal trial, and was transported to the courthouse for that purpose during the trial. By that point, Johnston decided to plead guilty. While Johnston claims the record is insufficient to show whether his counsel advised him of the codefendant's planned testimony, Johnston was at the scene of the crime and would have known there might be potentially available testimony from the codefendant.

"We have found *Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period." *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020).

> The new-ground-of-fact analysis is a component of a claim of actual innocence based upon alleged newly discovered evidence found after the three-year limitations period, and the ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period. The evidence presented to support [Johnston's] claim of actual innocence [and urged within this

appeal] was unquestionably available to him within the limitations period.

*Id.* So, upon our review, we agree with the district court that the evidence that could have shown Johnston withdrew from the conspiracy was available to him within the limitations period and did not serve as a new ground of fact or law to except him from the statute of limitations.

We affirm the summary disposition of Johnston's application for postconviction relief.

**AFFIRMED.**