# IN THE COURT OF APPEALS OF IOWA

No. 19-1927
Filed January 21, 2021

**LARRY TWIGG,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Larry Twigg appeals following the dismissal of his application for postconviction relief. **AFFIRMED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

In 2011, Larry Twigg was sentenced on his convictions of five counts of lascivious conduct with a minor. Twigg appealed, and this court reversed and remanded the matter for a new trial, concluding the district court abused its discretion in admitting prejudicial prior bad acts evidence. *See State v. Twigg*, No. 11-0733, 2012 WL 3590045, at *8 (Iowa Ct. App. Aug. 22, 2012). Twigg was retried in 2013, and a jury again found him guilty of five counts of lascivious conduct with a minor. We affirmed those convictions and the sentences imposed following a second appeal. *See State v. Twigg*, No. 13-1094, 2014 WL 3747676, at *7 (Iowa Ct. App. July 30, 2014). Procedendo issued on March 9, 2015. Around the same time, Twigg filed his first application for postconviction relief (PCR). The ultimate issues before the district court included ineffective-assistance-of-counsel claims, that counsel on retrial (1) failed to obtain an interview transcript that could have been used for impeachment and (2) was deficient in direct examination of a forensic psychiatrist. The district court rejected the claims and denied Twigg relief, which we affirmed on appeal. *See Twigg v. State*, No. 16-0395, 2017 WL 104937, at *5 (Iowa Ct. App. Jan. 11, 2017).

Twigg filed the PCR application precipitating this appeal, his second, on March 8, 2018. He alleged three claims: (1) trial counsel was ineffective in failing to recommend waiving a jury trial, (2) counsel was ineffective in failing to obtain the aforementioned interview transcript, and (3) expert opinion evidence on the issue of sexual intent was improperly excluded at trial.[1] The State filed a motion

---

[1] Twigg also claimed PCR counsel was ineffective for failing to raise issues one and two and all of his post-trial attorneys were ineffective for not raising issue three.

to dismiss on statute-of-limitations and res-judicata grounds. At the ensuing hearing on the motion, the State argued Twigg's application was barred by the statute of limitations contained in Iowa Code section 822.3 (2018). As to Twigg's second and third claims specifically, the State urged those issues were adjudicated by this court in the appeal following denial of Twigg's first PCR application. Twigg's counsel argued "ineffective assistance of [PCR] counsel can allow for relitigation" and he should be entitled to discovery before disposition.

In its ruling, the court first determined Twigg's application was filed within the limitations period. The court denied the State's motion as to Twigg's claim relating to waiver of jury trial. The court recognized we considered Twigg's claims that "the PCR court erred in finding his second trial counsel was not ineffective for failing to obtain the transcript" and "his PCR counsel was ineffective in failing to obtain the transcript," which Twigg claimed was "important as it contains impeachment evidence." *Id.* at \*3. Surveying our rejection of Twigg's ineffective-assistance claims on the issue of the transcript, the court dismissed the basis for relief on claim-preclusion grounds. On Twigg's claim that trial and PCR counsel were ineffective in relation to the exclusion of expert testimony on the issue of sexual intent, the court recognized our conclusion that Twigg suffered no prejudice as a result of counsel's alleged inadequacies with regard to the expert testimony, *see id.* at \*4–5, and, therefore, "it is immaterial whether [PCR] counsel adequately presented the claim." The court also recognized the "claim regarding expert testimony on the subject of sexual intent . . . has already been adjudicated." The court likewise dismissed this basis for relief on claim-preclusion grounds. The court set the matter for trial on Twigg's first claim for relief regarding waiver of jury

trial. Prior to trial, Twigg dismissed his final claim for relief, and the court dismissed Twigg's application in its entirety.

Twigg appeals, challenging the court's partial grant of the State's motion to dismiss. On appeal, Twigg claims the court erred in dismissing his second and third claims of ineffective assistance of counsel without allowing him to engage in discovery. He argues the State filed a motion to dismiss as opposed to a motion for summary disposition and the standards for granting such motions differentiate. Whether a motion to dismiss or for summary disposition, our review of a ruling on either is for correction of legal error. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020) (dismissal); *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019) (summary disposition). To the extent claims of ineffective assistance of counsel are in play, our review is de novo. *Linn*, 929 N.W.2d at 729.

The gist of the argument on appeal is that Twigg believes his first PCR counsel was ineffective in relation to presenting the claims dismissed in the instant PCR proceeding, and he should have been entitled to engage in discovery to develop the claims against prior PCR counsel. He also seems to suggest the court should have been limited to the pleadings in ruling on the State's motion. *See, e.g.*, *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004). But while the State's motion was captioned a motion to dismiss, we are convinced it was a motion for summary disposition pursuant to Iowa Code section 822.6(3), disposition under which is akin to summary judgment. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002). We look to substance rather than form or title in deciding to treat a motion as one for dismissal or summary judgment or disposition. *See Gold Crown Props., Inc. v. Iowa Dist. Ct. for Pottawattamie Cnty.*, 375 N.W.2d 692, 700 (Iowa

1985) ("This court often has observed that we look to the substance of a motion rather than its title."); *Tigges v. City of Ames*, 356 N.W.2d 503, 510 (Iowa 1984) ("We have indicated that form must give way to substance and treated a motion to dismiss as a motion for summary judgment."). Here the motion and its attachments—various documents from the prior litigation—certainly went outside the pleadings. *See Wilson*, 678 N.W.2d at 418 (noting motions to dismiss are limited to the pleadings but "[s]ummary judgment is the appropriate remedy when parties wish to rely on facts outside the pleadings" (alteration in original) (citation omitted)). And the court considered several items foreign to the pleadings, with Twigg and his counsel stipulating to the court taking judicial notice of the other court files.[2]

Having determined the motion was a motion for summary disposition, we proceed to consider whether it was properly granted. As noted, appellate review of summary-disposition rulings in a PCR proceeding is for legal error. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). Summary disposition is appropriate if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (ellipsis in original) (quoting *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994)); *see also* Iowa R. Civ. P. 1.981(3). "There is no fact issue if the only dispute concerns the legal consequences flowing from

---

[2] This case is distinguishable from our decision in *Hernandez v. State*, where we reversed a grant of summary disposition following the State's motion to dismiss largely because the applicant was unable to fully develop his claims. No. 02-1916, 2004 WL 573731, at *2–3 (Iowa Ct. App. Mar. 24, 2004). Here, the dispositive issue was limited to whether Twigg's claims were barred by claim preclusion, and the undisputed facts were before the court as a result of the parties stipulating to the court taking judicial notice of the other court files.

undisputed facts." *Berte v. Bode*, 692 N.W.2d 368, 370 (Iowa 2005). The record is viewed "in the light most favorable to the nonmoving party" and we "draw all legitimate inferences from the evidence in favor of the nonmoving party." *Schmidt*, 909 N.W.2d at 784.

The goal of section 822.6(3) "is to provide a method of disposition *once the case has been fully developed by both sides*, but before an actual trial." *Manning*, 654 N.W.2d at 559. The only issue before the district court was whether Twigg's claims were subject to previous adjudication and barred as a matter of law. *See* Iowa Code § 822.8 (prohibiting relitigation of "[a]ny ground finally adjudicated"); *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa 2009) ("A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of res judicata bars additional litigation on this point." (citation omitted)).

We turn to Twigg's claims. On appeal from the denial of his first PCR application, Twigg argued retrial and first PCR counsel were ineffective in relation to obtaining the transcript, and we rejected both claims. *Twigg*, 2017 WL 104937, at *3–4. Twigg raises the same general claims in the instant PCR proceeding. Because they are the subject of a prior adjudication, relitigation is barred, and the State was entitled to judgment as a matter of law. We affirm the district court on this point.

In the prior proceeding, Twigg also claimed retrial counsel was ineffective in relation to expert testimony by ineffectively examining the forensic psychiatrist who testified for the defense. *Id.* at *4. We rejected the claim as to retrial counsel, but did not address the claim as to any other counsel. *Id.* at *4–5. In his PCR

application in the instant action, Twigg claimed his counsel on appeal following retrial and his first PCR counsel were ineffective in failing to challenge the trial court's limine ruling prohibiting expert testimony on whether Twigg harbored a sexual intent when he did what resulted in criminal charges, an essential element of the crimes. *See* Iowa Code § 709.14 (2009).[3] Upon our de novo review of the record, we are unable to find any of Twigg's attorneys failed to perform an essential duty or prejudice resulted. During the criminal trial, the parties and court were in agreement that the expert could not be questioned: "[I]n your opinion did the defendant form the specific intent during these acts to arouse the sexual desire of himself or" the victim? Experts are generally not allowed to opine directly that a specific defendant is innocent or guilty or on the establishment of an element of a crime, such as Twigg's sexual intent. *See, e.g.*, *State v. Moses*, 320 N.W.2d 587– 88 (Iowa 1982). We find the suggested course of action would have been meritless and none of the attorneys were under a duty to pursue it. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). So we find Twigg's attorneys did not fail to perform an essential duty in raising the issue and no prejudice resulted.

We find Twigg's second claim barred by claim preclusion, the legal consequences flowing from undisputed facts in relation to his third claim do not warrant relief, the State was therefore entitled to judgment as a matter of law, and

---

[3] We have concerns whether Twigg preserved error on the argument he raised in his application, as it does not appear the district court specifically addressed it and instead addressed whether PCR counsel was inadequate in litigating the claim raised in the first proceeding, that retrial counsel was ineffective in examining the expert, and then by extension, whether appellate counsel following PCR was ineffective in presenting the claim. We choose to bypass any error-preservation concern and proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

allowing Twigg to engage in discovery would not have changed the scenario. We affirm the denial of Twigg's PCR application.

**AFFIRMED.**